AMANDA S. TAYLOR

*v.*

CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

1. AGENT — *cannot bind principal beyond the scope of his agency.* An agent of a railroad company, appointed for the purpose of transacting some limited or specified business for the company, cannot bind the company outside of its legitimate business, or make contracts for it which the company never authorized any one to make.

2. SAME — *passenger agent cannot bind principal by contract to look after freight.* The agent of a railway company, who is employed for the sole purpose of soliciting passengers to patronize the road of the company, and who is not held out by the company as their agent for any other purpose, has no power to bind the company by a contract to receive freight from another road, and transport it to the depot of, and ship it on the road for which he is such agent.

3. CARRIER — *duty as to freight between connecting lines.* A common carrier by railroad is not bound by law to watch for and ascertain the arrival of freight at the depots or wharves of other common carriers, and transport the same to its own depot, and is not bound by any agreement to do so, made by an agent employed by it for the sole purpose of soliciting passenger business.

Appeal from the Circuit Court of Whiteside county; the Hon. W. W. Heaton, Judge, presiding.

Messrs. Kilgour & Manahan, for the appellant.

Mr. B. C. Cook, for the appellee.

This was an action, brought by Amanda S. Taylor against the Chicago and Northwestern Railway Company, to recover for certain millinery goods which had been shipped from Danville, Maine, to plaintiff, at Chicago.

The declaration contains one count against the defendant as common carrier, and three special counts alleging an undertaking on the part of the defendant to watch for the arrival of the goods at Chicago, and, upon such arrival, to obtain them and carry them to Sterling, in this State ; that the goods arrived at Chicago, and defendant neglected to get and forward the same, whereby they became lost to plaintiff.

A verdict and judgment were rendered in favor of the defendant in the court below, and the plaintiff appealed.

The substance of the testimony, on the trial, was as follows:

The property in question was a large box and show case, containing millinery goods worth about $2,000, of about 490 pounds weight, which were shipped as freight from Danville, Maine, to Chicago. The plaintiff and her husband came to Chicago by the Grand Trunk and Michigan Central railroads.

At Chicago, Robert Taylor, the husband of plaintiff, purchased two tickets for their passage from Chicago to Sterling, over defendant's road, at the city office of the company, near the court-house, and near where they stopped. Taylor then went to the Wells street depot of defendant to check their trunks to Sterling, and to see about getting the goods transferred. He went to the baggage-master of the defendant in the depot, showed him his checks for trunks, and showed him his bill of lading, or receipt for the goods, from the Grand Trunk railway company. The baggage-master said that was Orb's business. Taylor found Orb in the office in the same

building, but a few feet from the baggage room of the defendant. He showed Orb his bill of lading or receipt. The latter said he would send the goods right along as soon as they came, and in the centre of the bill of lading, or receipt, Orb wrote the following:

"To be shipped to A. S. Hobbs, Sterling, Ills.
        Edward Orb, Agt. C. & N. W. R. W. Co."

This was September 20, 1871.

Taylor told Orb he came by the Grand Trunk road. His checks showed he came by the Grand Trunk railroad and Michigan Central to Chicago. The Grand Trunk depot is in the Michigan Central depot. Orb went there eight or nine times for the goods, and was told they had not come. They were unloaded on the second of October, 1871, at A. S. Spencer's dock on the Chicago river, at Chicago, and there remained until they were burned in the fire of October 8th and 9th of that year. The cars of the Grand Trunk road come across to the United States shore at Sarnia, and in Michigan the Grand Trunk railway makes a junction with the Michigan Central railroad.

Orb was employed by the appellee to solicit passengers for said company over its road, and for no other purpose whatever. He never had any authority to solicit freight, or to make contracts for the company. In addition to this employment, and wholly independent of it, Orb ran an express wagon on his own account, and engaged in the business of transferring light goods, for which he received pay himself, and with which the company had nothing to do.

Mr. Justice Sheldon delivered the opinion of the Court:

The railway company is here sought to be charged with the duty to watch at the wharf, or at the depot of the Grand Trunk railway, or its connecting lines in the city of Chicago, and to ascertain the arrival of appellant's goods, and have them trans-

ported by wagon to its own road, by reason of a contract made by one Edward Orb. To maintain the suit it is necessary to prove that Orb had authority from the company to make such a contract on its behalf, or that he was held out by the company to the public as having such authority. He was an agent of the company, but not an agent to watch for and ascertain the arrival of freight or baggage of passengers at the depots or wharves of other roads, and transport the same to appellee's road. Such business was not within the scope and object of appellee's charter. Appellee was a common carrier only by railroad. It was not bound by law to transact such business as the above, and never did transact such business. It was not bound to have, and never did have, an agent for such purpose. Orb was in the employment of the company merely as a passenger agent, whose business consisted only in soliciting the patronage of the traveling public for appellee's line of road, it being no part of his employment to watch for the arrival of freight or baggage at other depots, or to convey it across the city in wagons to the company's own depot; he was not provided by the company with the means for such purpose. Orb was himself, on his own account, as an expressman, engaged in the business of transferring light goods, and the contract which he made with appellant was for himself, and not for the company. It cannot be that an agent of a railway company, appointed for the purpose of transacting some limited and specified business for the company, has a right to bind the company outside the legitimate business of the company, and to make contracts for it which the company never authorized any one to make.

It is clear from the testimony that Orb was never authorized by the railroad company to make the contract which is declared upon.

And we fail to discover, from the evidence, that the company held Orb out to the world, or permitted Orb to so hold himself out, as the agent of the company authorized to make such contracts. There is no pretense that Orb ever made a

contract on behalf of the company, which was known to or recognized by the company, of the character of the one declared upon; or that any one ever made such a contract for the company, or that the company ever had any thing to do with such business. Orb was known as the passenger agent, or emigrant agent of the company, nothing more. What the baggage-master of the company said when shown the bill of lading for the goods, that "that was Orb's business," is what the proof shows. The transfer of those goods was Orb's private business, and did not pertain to the company. The signing by Orb of his name in the way he did to the writing which he made in the bill of lading from the Grand Trunk railway, did not bind the company, because it was done in reference to a matter in which Orb had no agency. And however he may have so held himself out thereby, there is no evidence of its being known to, or acquiesced in, by the company; and the company evidently could not be affected by that isolated instance of the manner in which Orb held himself out.

There was an exclusion by the court below of certain testimony offered by plaintiff as bearing upon this point, and it is insisted there was error in this. The testimony offered was, that the husband of appellant, after obtaining the two tickets at Chicago for a passage over appellee's road to Sterling, asked the person of whom he bought the tickets, about the transfer of the goods in question, and was directed by such person to Edward Orb, as agent of the defendant, who attended to that business, and who would be found at the Wells street depot of defendant; but on objection, the evidence was excluded, and exception taken. The evidence shows that this ticket office, where the tickets were bought, was in the central business portion of the city, away from appellee's depot and place of general business; and there is nothing from which to infer that this ticket seller had any other authority from the company than merely to sell tickets. The company would not be bound by the declarations of the person who was selling the tickets, about a matter not within the line of his business. This seller

of tickets, nor no one else connected with the company, is asked by Taylor where the latter shall go to find an officer of the company authorized to make a contract on the part of the company to transfer his goods across the city.

He had no reason to believe that the company was itself doing any such business, or would make a contract to do it; all that he could have had reason to expect from application to and inquiries of agents of the company, would be aid, in the way of information, in the means of getting his freight transported through the city to appellee's depot. We see no error in the exclusion of the testimony.

We are of opinion the verdict is clearly sustained by the evidence.

There are numerous instructions in respect to which exceptions are taken. But the case is so clearly one for the defendant upon the evidence, that we deem it unnecessary to review the instructions, as we do not see that the jury could have been misled by them to appellant's injury. The judgment will be affirmed.

*Judgment affirmed.*