## Charles Irle et al. v. Nichols & Shepard Co.

1. PRINCIPAL AND AGENT—*Power of Agent to Bind Corporation.*— The power of an agent to bind a corporation is limited to the scope of his agency.

Assumpsit, on written contract. Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

JOHN J. REA, attorney for appellants.

J. L. RAY and ROYAL WRIGHT, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought upon a written contract for the purchase of a threshing machine outfit sold and delivered to appellants by appellee. The contract fixed the price of the outfit at $2,695, and provided that appellants should deliver to appellee in payment an old threshing outfit at $1,045, and their promissory note for $1,650, with interest after maturity at the rate of seven per cent.

The declaration avers a delivery and acceptance of the property and a refusal on the part of appellants to pay for

the same, or to execute a note in compliance with the terms of the contract.

Four pleas were filed; 1, the general issue; 2, payment; 3, release for a valuable consideration; 4, breach of warranty contained in the contract, that the machinery was well constructed and capable of performing well the services designed for it. The evidence in the record shows that the machinery after being shipped to appellants, was taken from the car by them, moved to the country and there operated, and that they had failed and refused to give the note provided by the contract. There is no claim of payment beyond the old outfit taken at $1,045, nor evidence of a release as set up in the third plea. The contest upon the trial was upon the issue raised by the plea setting up breach of warranty, and to the questions involved therein we shall confine ourselves.

The warranty contained in the contract was to the effect that the machinery was well made, and with proper management capable of doing well the work for which made and sold. It was conditioned, however, upon appellants, in the event of failure to fill the warranty, giving immediate notice by registered letter to appellee at Battle Creek, Mich., and written notice to the local dealer through whom the machinery was ordered, stating particularly wherein it failed to fill the warranty. It also provided for reasonable time to allow workmen from appellee to get to the machine and remedy the defect, and if the same could not be remedied to supply the defect with good machinery.

Upon the trial appellants offered to prove that the machinery did not fulfill the warranty and could not be made to do so; but the court held such testimony was inadmissible until after they should show that the notice called for by the warranty had been given to appellee, or had been waived by some one having authority to waive it. Appellants produced no sufficient proof of such notice, or waiver of it, in the opinion of the court, and at the instance of appellee the following instruction was given to the jury :

" The defendants having offered no competent evidence

of defense, the jury are instructed to find a verdict for the plaintiff for $1,650, with interest at seven per cent from January 1, 1899."

The jury accordingly returned a verdict for $1,736.43, and upon it judgment was entered against appellants.

It is contended that the court invaded the province of the jury by giving the above quoted instruction and took from them the right to say whether there had been a compliance with the terms of the warranty or a waiver of them.

Appellants repeatedly attempted to get before the jury proof that the machinery would not work satisfactorily. They did not pretend to have notified appellee by registered letter to Battle Creek, Mich., of a failure of the machinery to fulfill the warranty, as required by the contract, but contended that appellee acted upon such notice as was given and thereby waived notice by registered letter. The difficulty with the contention as to waiver is that there was no competent proof of any notice whatever, and no proof that persons who came to examine the machinery were sent by appellee. The copy of a letter to appellee, dated August 6, 1898, was offered in evidence, but, as no notice to produce the original had been given, the court properly sustained an objection to it. Three men did at different times visit the machine and attempt to remedy the alleged defect, but they seem to have done so at the instance of one C. J. Gottshall, a general state agent of appellee, residing in Bloomington. It nowhere appears that they were sent by appellee or that Gottshall had any instructions from appellee to send them. Gottshall testified that his duties as general agent required him to superintend local agents and companies selling appellee's machinery in the State, but that he had nothing to do with machinery after being sold. The notice sent by appellants to him, therefore, could in no sense be regarded as a notice to appellee, and any action taken by him under such notice could not affect appellee unless recognized by it. The power of an agent to bind a corporation is limited to the scope of his agency. Williams v. Merritt, 23 Ill. 623; Mouson v. Jacques

44 Ill. App. 307; Taylor v. C. & N. W. Ry. Co., 74 Ill. 86; Kinser v. Calumet Fire Clay Co., 165 Ill. 505.

It is also expressly provided in the contract that "No general or special agent or local dealer is authorized to make any change in this warranty. Workmen or experts are not agents, and have no authority to bind the company by any contract or statement."

It is also provided that any change in the terms of the warranty subsequent to the delivery of the machinery must be in writing, signed by the president of the company. We do not think the clause in the contract, "Machines sold on twenty days' trial from the day first started," relieves appellants from the condition in the warranty requiring notice of failure to fill the warranty to be given by registered letter. Appellants failing to show a compliance with the condition on which the warranty was placed, or a waiver of it, were in no position to make the defense set up in the fourth plea.

The trial court properly gave the peremptory instruction complained against. Judgment affirmed.

Mr. Presiding Justice WRIGHT, having heard the case below, took no part in its decision here.