PATRICK FAHEY vs. ESTERLEY MACHINE COMPANY.

Opinion filed March 21st, 1893.

### Rescission by Buyer—Notice of Breach of Warranty to Seller.

Before the purchaser after sale can recover back the purchase price, on the theory of breach of warranty and rescission, he must fully perform all conditions precedent on his part to be performed according to the terms of the warranty. On sale of a harvester, the contract of warranty provided that the purchaser should give written notice of defects, not only to the agent from whom the machine was received, but also to the company at its headquarters. No notice to the company was given. *Held*, under the evidence, that there was no waiver of this requirement, and that therefore plaintiff could not recover back the purchase price on breach of warranty, although the machine was returned by him.

### Res Judicata.

When it is not certain that the same question was determined in favor of the party, in another action, who relies on the judgment therein as conclusive as to such question, the judgment is not final on the point. *Held* that, in an action to recover the purchase price of a harvester, on the theory of a breach of the warranty and rescission of the contract, defendant herein could not rely on a judgment against plaintiff in favor of the indorsee for value of a note given by plaintiff on the purchase of such harvester, as settling the issue of a breach of warranty and rescission of the contract of sale against the plaintiff, for the reason that the judgment against plaintiff might have been rendered on the ground that, despite a breach of warranty and rescission of the contract of sale, the indorsee of the note might have recovered as an innocent purchaser thereof before maturity ; such a defense not being available as against such a purchaser of negotiable paper, and there being nothing to show on what particular ground the judgment was rendered.

### Transfer of Note—Recovery of Amount of Note Upon Rescission for Breach of Warranty.

Where a purchaser of property gives his note therefor, and afterwards rescinds the contract of sale on the ground of breach of warranty, he may recover the amount of the note and interest, without first paying the same, when the note was negotiated before maturity to an innocent purchaser for value. But the judgment should provide that upon the return of the note to the plaintiff, and his release from all liability thereon growing out of any judgment which has been recovered thereon, and on payment of costs within a specified time, the judgment should be satisfied.

Appeal from District Court, Richland County; *Lauder*, J.

Action by Patrick Fahey against the Esterley Harvesting Machine Company for a rescission of contract. Plaintiff had

judgment, and from an order denying a new trial, defendant appeals. Reversed.

*McCumber & Bogart,* for appellant.

Where the warranty under which machinery is sold requires written notice to be given the vendor or its agents in case of breach, no action based on such breach is maintainable unless such notice has been given. *Nicholas* v. *Wyman,* 32 N. W. Rep. 258; *Furneaux* v. *Esterly,* 13 Pac. Rep. 824; *Nicholas* v. *Larkin,* 79 Mo. 264; *Nicholas* v. *Hall,* 4 Neb. 210; *Miller* v. *Nicholas,* 5 Neb. 478; *Bomberger* v. *Greiner,* 18 Ia. 477; *Dewey* v. *Borough,* 14 Pa. St. 211. Where contract provides that keeping the machine during a certain season shall be conclusive evidence that it fulfills the warranty—keeping it during such time waives any defense based on the warranty. *Wendall* v. *Asborn,* 18 N. W. Rep. 709; *Bayliss* v. *Hennesy,* 6 N. W. Rep. 46.

*W. E. Purcell* and *L. B. Everdell,* for respondent.

CORLISS, J. The basis of this action is the rescission of a contract for the sale and purchase of a twine-binding harvester. The plaintiff purchased the property of the defendant for $110, giving his negotiable promissory note therefor. Upon the sale a written warranty was given to plaintiff by defendant. Plaintiff, claiming that the harvester was not as warranted, returned the machine, and brought suit to recover the purchase price, alleging the defendant had negotiated the note before maturity thereof. One of the defenses set forth in the answer was estoppel by record. This defense was struck out on motion at the trial. We are thus compelled to determine its sufficiency. It set up, in substance, that the note was transferred to the First National Bank of Whitewater, Wis., and that suit was brought upon it by the bank before a justice of the peace, and that in that suit the defendant therein, and the plaintiff in the case at bar, relied as a defense upon the same breach of warranty, followed by the same rescission of the contract of purchase, which constitutes the groundwork of his cause of action in this case. Judgment was

rendered in that action against the defendant therein (the plaintiff in this case) for the full amount of the note. The defendant in the present action was not a party to that suit; but waiving this point, whatever force it may have, we are clear that the trial court did not err in holding the defense insufficient. The record of the case before the justice of the peace is set forth in the answer. It appears from that record that the plaintiff therein alleged that it purchased the note, and that the same was indorsed to it by the payee before maturity for a valuable consideration and in good faith. This averment was denied. But we are unable to say that the court did not find this fact in favor of the plaintiff. Such a finding would, of course, preclude all inquiry into the questions of the breach of warranty and rescission. Even though the justice had been convinced of the truth of the defense in this regard, he must have given judgment for plaintiff because of his being a bona fide purchaser before maturity. It thus appears, upon the face of the answer in the case at bar, that the former judgment may have rested on either of these points,—that there was no breach of warranty and rescission, or that the defendant therein could not, despite such breach of warranty and rescission, sustain his defense, because the plaintiff therein was a good faith purchaser and indorsee of the note before maturity. The defendant in the case at bar should have shown, by additional allegations in his answer, that the issue as to the breach of the warranty and rescission was in fact found against the defendant in that case, the plaintiff herein. When the record does not settle the question, oral evidence is admissable to show what was in fact decided; but the answer must clearly show the ultimate fact, as to what was decided. If that fact is left in doubt by the answer the defense fails. The case we have to decide falls within that class of cases where a judgment on one cause of action is sought to be used as conclusive in a suit on another cause of action. In such cases the judgment is final only as to the matters which were in fact determined in the former case and adjudicated by the judgment. *Foye* v. *Patch*, 132 Mass. 105, and cases cited; *Stone* v. *Stamping Co.*, Mass. 29

N. E. Rep. 623; *Cromwell* v. *County of Sac.*, 94 U. S. 351; *Nesbit* v. *Independent Dist.*, 144 U.S. 610, 12 Sup. Ct. Rep. 746; *Bell* v. *Merrifield*, 109 N. Y. 202, 16 N. E. Rep. 55. The least uncertainty as to what was in fact determined in the suit before the justice of the peace is fatal to the use of the judgment as an estoppel on the question of breach of warranty and rescission. This uncertainty created by the record of the proceedings before the justice is not in any manner cleared up by allegations in the answer that the question was in fact determined by the justice against the defendant therein, the plaintiff in the case at bar. "According to Coke, an estoppel must be certain to every intent; and if upon the face of a record anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence. It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty upon this head on this record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined." *Russell* v. *Place*, 94 U. S. 606. To same effect are *Bell* v. *Merrifield*, 109 N. Y. 202, 16 N. E, Rep. 55; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Stone* v. *Stamping Co.*, (Mass.) 29 N. E. Rep. 623; *Cook* v. *Burnley*, 45 Tex. 97; *McDowell* v. *Langdon*, 3 Gray, 513; *Downer* v. *Shaw*, 22 N. H. 277, *Chrisman* v. *Harman*, 29 Grat. 494; *Lea* v. *Lea*, 99 Mass. 493. If everything alleged in this part of the answer had been established on the trial, it would have been impossible to

determine what was in fact settled by the judgment given by the justice of the peace; whether the defendant was liable because there was not a breach of warranty and rescission, or because, notwithstanding such breach and rescission, the defense must fail as against the plaintiff, found by the court to be a bona fide purchaser of negotiable paper before maturity. To recover it was incumbent on plaintiff to show that he had performed all the conditions precedent of the warranty to be performed on his part. This he did not do. Mere breach of the warranty did not entitle him to rely upon its promises. He must have taken action to hold the defendant to its warranty after a breach. It is only upon giving written notice to the agent from whom he received the machine, and also to the Esterley Harvester Machine Company at Whitewater, Wis., that he is allowed to avail himself of the warranty. Failure to give such notice, it is provided, is conclusive against the purchaser's right to rely on the warranty. The same evenhanded justice which requires the defendant to keep its promise demands of the plaintiff that he perform his part of the agreement. Neither will it do to assert that notice to the company in addition to notice to the agent from whom the machine was received, was of no value to the company. The plaintiff has foreclosed all inquiry into that question by agreeing to give such notice. Nor is it difficult to conceive of good reasons for requiring this additional notice. Agents in their zeal to establish a reputation for making sales, and in their natural desire to earn commissions, may often be inclined to go to greater lengths in their endeavor to sustain a sale than the sound business judgment of the company would approve. It is necessary that the company should have direct notice of the purchaser's claim that the machine is unsatisfactory, that the company may act itself in determining what shall be done in such an exigency. If notice is to be given only to the agent, there is no certainty that the company will ever in fact know of the trouble, in time to act prudently. It may often learn of it too late to save itself from heavy loss, and many find its right seriously embarrassed by the actions and agreements

of a subordinate agent directly interested in supporting the sale. Other sound business reasons will readily suggest themselves to the mind for insisting upon such notice as will insure actual knowledge of the trouble at the headqarters of the company. In this case notice was given to the agent, but no notice, either written or oral, was ever given to the company as required by the warranty. Was the giving of such notice waived by the conduct of any of defendant's agents? We think not. We find no evidence showing any action taken by any agent of the defendant having authority to act for it in the matter of receiving such notice. Certainly, notice to the agent from whom the machine was received was not notice to the company. To hold otherwise would render meaningless that clause which provides for notice to the company in addition to notice to such agent. All the evidence of a waiver of such notice is that which relates to the conduct and words of certain experts employed by defendant, but not sent specially to fix plaintiff's machine, but placed under the control of the agent by whom it was sold, to keep the machines sold by the company in repair. These facts do not show any authority in these experts to substitute their judgment for that of the company in deciding the business proposition, what should be done when complaint should be made that a particular machine was not, when sold, in the condition warranted. They were to fix such machines as the company should conclude to fix, but there was nothing in the nature of their employment which gave them authority to substitute their judgment for that of the company in determining what should be done in any particular case in which the claim of breach of warranty should be made. It is absurd to suppose that, while notice to the agent was not to be sufficient, the company intended that these experts, exercising special powers, under the agent himself, and acting under his direction and control, were to be given complete authority to do away in any case with this explicit requirement that written notice should be sent to the home office,—a requirement so important to enable them to protect

their rights. Is there greater certainty that an expert, acting entirely under the direction of the agent, will bother himself to notify the company of difficulties of which his immediate superior has notice, and which he is setting about to remedy? The waiver of notice must come from some agent having power to waive it. The warranty expressly provides that "no agent or expert has any authority to add to or abride or change it in any manner." The power to waive notice was not in fact vested in these experts, or any one of them; there was nothing in the nature of their employment or the kind of work they were performing to justify. the belief that they were authorized to decide for the company all matters it would be called upon to decide when apprised of a claim of breach of warranty; and therefore they had no power to do away with the necessity of notice. The purchaser was distinctly informed that they had no such power, and in the same connection he agreed to give notice to the company itself,—an act simple in its nature, and easy of performance. Business faith required him to send such notice, whatever the agent or other persons might say, for the very nature of the requirement informed him that the company desired and insisted upon such a notice, that there would be no uncertainty of its receipt at the center of power and responsibility,—to guard against the concealment of facts by local agents who might be tempted to withhold full information. The case is so plain that we do not feel the need of authority. But we find adjudications in harmony with our views: *Furneaux* v. *Esterly*, (Kan.) 13 Pac. Rep. 824, and cases cited; *Nichols* v. *Knowles*, (Minn.) 18 N. W. Rep. 413.

It is urged that the court erred in striking out what is designated as the equitable defense in the action. On the theory that plaintiff might be able to show, on a new trial, a waiver of the condition requiring notice to be sent to the home office, we will refer to this point. The true theory of this action is that the consideration for the $110 note failed because of a breach of the warranty, followed by the performance by the plaintiff of all the conditions of the warranty, and by a complete rescission, and that it then

become the duty of the defendant to return the note. The authorities seem to sustain the doctrine that on demand for a note, under such circumstances, the cause of action arises, and that the maker may recover the full face value thereof, although he has not paid it or been held liable upon it. *Thayer* v. *Manley*, 73 N. Y. 305; *Comstock* v. *Hier*, Id. 269; *Farnham* v. *Benedict*, 107 N. Y. 159, 13 N. E. Rep. 784; *Decker* v. *Matthews*, 12 N. Y. 313. Where the note has been negotiated before maturity for value, as in this case, there would seem to be no doubt as to the soundness of the doctrine; and when the note is still in the hands of the original party, the defendant, but is not due when the action is brought, the rule ought to be and is the same. *Thayer* v. *Manley*, 73 N. Y. 305. Neither does the fact that the maker might restrain the negotiation of such a note, and compel its surrender in an equitable action, affect his right to maintain an action at law for damages, Id. But the judgment ought not to be absolute, if the defendant requests the privilege of restoring the note, and saving plaintiff from all possibility of loss on account thereof. The plaintiff has paid nothing. His right to damages depends upon the danger of being compelled to pay the note. When that danger is removed, it would be a perversion of justice to allow him still to recover judgment for a damage he has not suffered, and cannot possibly suffer in the future. If the judgment is to stand absolute, then the note becomes valid, and another action is necessary to settle rights which ought to be adjusted in one suit. Under our system the defendant may urge as defenses matters in legal actions, which under the old system he must by appropriate equitable actions have relied on as the basis of equitable relief. The policy of the law is to settle all the controversy in a single suit. If the maker is insolvent, the defendant is powerless to compel him to disgorge what he has received without any substantial right thereto. The defendant, however, has assumed that the fact of nonpayment of the note, when coupled with the insolvency of the maker, would constitute an absolute defense. In this we think he is in error. His right is to have the

judgment contain a provision which will enable him, by a return of the note within a certain time, and the payment of the costs, and the satisfaction of the judgment obtained on the note by the First National Bank of Whitewater, to have the judgment in this case satisfied, should such a judgment on a new trial be rendered against defendant.   *Thayer* v. *Manley*, 73 N. Y. 305.

For the error of the court in refusing to take the case from the jury, on the ground that plaintiff had failed to comply with the condition of the warranty requiring written notice of the defect to be given to the company at their office in Whitewater, Wis., the order denying motion for a new trial is reversed, and a new trial is ordered.   All concur.

### ON REHEARING.

(April 14, 1893.)

We have carefully considered the petition for rehearing, but are unable to agree to the view therein stated, and which appears to have been the view of the learned trial judge.   The contention in the petition is that sending out these experts was a waiver of the provision requiring notice to the company at the home office; or that a reasonable man would be justified in construing it as a waiver.   They were sent out to remedy such defects as the company should decide to remedy, and not to make that decision for the company in any particular case.   It was convenient and even necessary to have them so near their field of labor that they could readily do the work which the company might decide to do.   But so placing them that they would be reasonably close to whatever work they might be called upon to perform was no evidence of a purpose to do away with the provision requiring notice at headquarters.   Nor could it be construed by any reasonable man as a waiver of such notice.   They were not sent out as business managers to decide whether in a given case an alleged defect should be remedied,—whether the company in case of breach of warranty would furnish another machine, as it might under the contract, or remedy the defects in the one sold; they

were sent out as mere experts in the performance of the kind of work involved in making a defective machine a good one. On what principle, then, can it be said that the company intended to waive this provision touching notice, and, in effect, intrust these important business questions to the decision of those who were not employed or sent out for that purpose. The petition for a rehearing is denied.

(55 N. W. Rep. 580.)