J. I. Case Threshing Machine Company *vs.* E. L. Ebbighausen.

**Contracts—Alteration not, Materia .**

> A writen order for a threshing. machine contained no provision for security on growing crops or on a secondhand engine. The machine company refused to deliver the machine unless such security was given. In order to get the possession of the machine for imediate use, the defendants gave such security, and the machine was delivered to the defendants. The order for the machine, as exhibited at the trial, had been changed so as to contain a provision that security should be given on such crops and engine. It is not shown when the alteration was made, nor by whom made. *Held,* that the alteration was not a material one, in view of the fact that the defendants had given such security, and received the machine uninfluenced by the contents of the order as changed.

**Agent's Acts not a Waiver.**

> The order for the machine provided that, in case the machine failed to work well, the company should be notified, at Racine, Wis., and the agent of whom the purchase was made should also be notified. The company was not notified at the Racine office in any manner, but a general agent, who had no authority to waive any of the provisions of the contract, was notified by telephone that the machine would not work well,, and an expert was sent by him, pursuant to request, to remedy defects. The agent from whom the machine was purchased was also notified. *Held,* that such general agent's acts, independent of any orders or communications from the plaintiff, was not a waiver of the terms of the order requiring the company to be notified at the home office.

Appeal from District Court, Walsh County; *Kneeshaw,* J.

Action by the J. I. Case Threshing Machine Company against George W. Ebbighausen and E. L. Ebbighausen. Judgment for defendants, and plaintiff appeals. Reversed.

*Turner & Lee,* for appellant.

*Spencer & Sinkler,* for respondents.

Morgan, J. This action is brought to foreclose a chattel mortgage given to secure the purchase price of a threshing machine, consisting of a separator, stacker, and weigher; said price being represented by three promissory notes, dated on August 15, 1899, of the aggregate sum of $700. The separator and other attachments were ordered by the defendants from the plaintiff in June, 1899, by a written order containing the following provisions, viz: "Said machinery is purchased upon and subject to the following mutual and independent conditions, namely: It is warranted to be made of good material, and durable, with care, to do as good work as any made in the United States, if properly operated by competent persons, and the printed rules and directions of the manufacturers intelligently followed. If purchasers, by so doing, after trial of ten days, are unable to make the same operate well, written notice shall at once be given to J. I. Case T. M. Company, at Racine, Wis., and also to the

agent from whom purchased, stating wherein it fails to fulfill the warranty, and reasonable time shall be given to said company to send a competent person to remedy the difficulty; the purchaser rendering necessary and friendly assistance; said company reserving the right to replace any defective part or parts; and, if then the machinery cannot be made to fill the warranty, the part that fails is to be returned by the purchaser, free of charge, to the place where received, and another substituted therefor, that shall fill the warranty, or the notes and money for such part immediately returned, and no further claim on the company. Failure so to make such trial or to give such notices, in any respect, shall be conclusive evidence of due fulfillment of warranty on the part of said company, and that the machinery is satisfactory to the purchasers. * * * Failure to fully settle on delivery as above promised, or to comply with any of the conditions of this warranty on purchaser's part, or any change in the terms of this warranty by any person whomsoever, agent or otherwise, by addition, erasure, or waiver, discharges the company from all liability whatever." The following provisions were indorsed on the margin of the order when it was signed: "Mechanics and experts are not agents. They are not authorized to bind the company by any act, contract, or statement. * * * Agents have no authority to waive, alter, or enlarge this contract, or to make any new or substituted or different contract or warranty." The machine was delivered pursuant to such order, and the notes and mortgage executed and delivered for the purchase price, on August 15, 1899. About August 30th the machine was put in operation, and threshing commenced. It did not work well, and the defendants notified the agent from whom it was purchased, by letter, that the machine did not work well, and asked that an expert be sent, and at another time made a similar request by telephone to the same agent; and the expert came, and attempted to put the separator in working order. The result of this attempt to put the machine in order is a disputed fact, under the testimony of the expert and the defendants. The expert says that they refused to allow him a thorough opportunity to put it into successful operation. The defendants say that he failed to make it work, and gave it up, and admitted that neither he nor any one else could make it work well. The defendants then immediately caused the separator and attachments to be hauled to Grafton, and left at the place where they were delivered to them. This was in the evening, and on the following morning the plaintiff's local agent at Grafton was told by one of the defendants that the machine had been returned. On the evening of the return of the machine, the expert had a conversation with Mr. Clary, general agent of the plaintiff at Fargo, in regard to the expert's attempt to make the machine work; and during that conversation Mr. Clary asked the expert to call one of the defendants to the telephone, as he wished to talk with him. This was done, and the conversation had in which the defendants informed Mr. Clary they had returned the machine into town, and

demanded their notes back. The trial in the district court resulted in favor of the defendants. The plaintiff appeals from the judgment entered in district court after a trial to the court under section 5630, Rev. Codes, and requests a review of all the issues involved in the case.

There is a preliminary question to be determined in this case, before considering the merits of the defense as set forth in the answer. When the order for this machine was signed, it did not contain the provision found therein at the trial,—that the defendants were to give security, before the machine was delivered to them, on 80 acres of growing crops and on a secondhand engine owned by the defendants. The order, as signed, provided for security on the machinery purchased, only, and it was changed by inserting a provision for security on crops and on an engine. It is claimed that such alteration is a material one, and renders the order void for all purposes, and that it cannot be offered in evidence in rebuttal of the evidence of the defendants upon matters not relating at all to the security. The order was given June 8, 1899. The notes and mortgage, with security, were given August 15, 1899. When the notes and mortgage were given, the defendants objected to giving additional security; but plaintiff insisted, and refused to deliver the machine unless such security was given. There was then nothing said by any of the parties in regard to the fact as to whether the order for the machine provided for such security or not. The record does not show whether the order then contained the provision for such security or not. It is not shown when this provision was inserted in the order, or whether it was inserted before or after the mortgage was given; nor is it shown by whom the provision was inserted. Without any reference being made to the order not containing such provision, the defendants gave the mortgage, with such addtional security on the crop and engine. They gave the security, as stated by one of them, "in order to get the machine. * * * We finally gave the security on the same secondhand engine and the same crop as is now described in the order." The action is not based on such order, nor is it mentioned in the complaint or answer. The provisions of the order are pleaded in the answer as grounds for relief from the mortgage, but no allegation whatever is therein set forth that such order had been altered since its execution. The defendants had a copy of such order in their possession during all the time, and the insertion of the provision for crop security in no way prejudiced them, in view of their action in voluntarily giving such security without reference to the provisions of the original order. Under such circumstances, the alteration was an immaterial one, whether made before or after the giving of the security. The contract was an executed one when the machine was delivered, and the notes and mortgage given therefor. The alteration in no way affected the transaction, in view of the fact of the giving of security and the delivery of the machine. If the defendants were aware of this alteration, they have, by their conduct, waived it; and, whether they knew of it or not, the alteration is not

a material one, under the evidence, in view of the conduct of the de-
fendants in giving the security, uninfluenced by the fact that a change
was at some time made in the order. The order was properly offered
in evidence, under the circumstances.

The answer in this case alleges that there was a breach of the war-
ranty that the machine would do good work, and that, after giving
the machine a fair trial, the defendants returned it to the place where
it was delivered to them, and thereafter demanded a return of the
notes given for its price, and by such acts rescinded the contract. It
is not alleged in the answer, nor proved or claimed, that any written
notice or any notice at all was given to the company at Racine, Wis.,
of the failure of the machine to work, or of the particulars wherein
it failed to work. No notice of any kind whatever was served on
the company at Racine. There was a total absence of compliance
with the provisions of the order requiring such notice. The claim
is made that such notice was unnecessary, as the same was waived
by the plaintiff. A statement of the evidence bearing on that ques-
tion therefore becomes necessary. The trial of the machine com-
menced on August 30th, and it would not work well. The defendants
then wrote one Burnett, the agent of whom the machine was pur-
chased, residing at Grand Forks, stating that the machine would not
work properly, and asking him to send an expert. The expert did not
come immediately, and on the 6th or 7th of September the defendants
telephoned Burnett that, if an expert was not sent Friday morning,
the machine would be returned. Neither the letter nor the conversa-
tion over the telephone disclosed wherein the machine did not work
properly. The expert came Friday morning, the 8th; and, as said
before, the result of his efforts to make the machine work properly is
a matter of dispute. Claiming that it failed to work properly, and
that the expert admitted that it could not be made to work properly,
the defendants returned the machine to Grafton, and notified Mr.
Jacobson, the local agent, of having done so; and, in a conversation
with Mr. Clary over the telephone, he was informed of the return of
the machine, and of their refusal to accept it, or to further allow any
attempts to make it work. During the trial of the machine the de-
fendants had telephoned Mr. Clary, asking him to send some extras,
and afterwards to send an expert, and it was Mr. Clary that sent the
expert who tried to make the machine work satisfactorily. Mr. Clary
is the general agent of the plaintiff company in North Dakota, and
had charge of the company's agency at Fargo. Although called the
"general agent of the company in North Dakota," his duties and
powers were limited, and he was subject to orders, and had no au-
thority to act, except under directions from headquarters, at Racine,
in charge of the general officers, and particularly a general manager
at that place. He was not a general agent, with general powers to act
for the company. He had no general authority to make sales or to
accept orders, nor to vary contracts of sale, nor to waive any of the
provisions of the printed orders for machines or contracts of sale.
The record contains objections to questions propounded to the gen-

eral officers of the company, on their cross-examination, while giving their depositions, taken on behalf of the defendants. These objections pertain to questions and answers as to the powers and duties of Mr. Clary. The defendants had examined the witnesses as to such powers in the direct examinations. The objections are made on the ground that Mr. Clary's real authority cannot be shown, when he has been held out to the world as a general agent. There is no. evidence that the company has held him out to the public as an agent with general powers. The very contract in suit states that no agent has a right to waive any of the provisions of the contract, and the order was made on the printed form, which advised the defendants that no person or agent had authority to change or waive its provisions. *Reeves* v. *Corrigan,* 3 N. D. 425, 57 N. W. Rep. 80.

With no claim made that a written notice, or notice of any kind, was given to the company at Racine, it remains to be decided whether the provisions of the order requiring such notice became unnecessary, in view of Mr. Clary's conduct in sending an expert to repair the machine on request made direct to him. In this court, similar questions have been before the court in two instances. In *Fahey* v. *Machine Co.,* 3 N. D. 220, 55 N. W. Rep. 580, 44 Am. St. Rep. 554, as in this case, there was no pretense of having sent the notice required to the company, and the claim was made that the necessity of giving the notice had been waived. On the question of the necessity of complying with the requirements of the contract, the court said: "To recover, it was incumbent on plaintiff to show that he had performed all the conditions precedent of the warranty to be performed on his part. This he did not do. Mere breach of the warranty did not entitle him to rely upon its promises. He must have taken action to hold the defendant to its warranty after its breach. It is only upon giving written notice to the agent from whom he received the machine, and also to the Esterley Harvester Machine Company, at Whitewater, Wisconsin, that he is allowed to avail himself of the warranty." Upon the question of waiver of the notice, the court said: "The waiver of notice must come from some agent having power to waive it." In *Manufacturing Co.* v. *Lincoln,* 4 N. D. 410, 61 N. W. Rep. 145, the same question was considered and discussed; but it was there held that inasmuch as a notice was addressed to the machine company, but at a place where the company had an office, instead of at the main office, where the contract provided it should be sent, it was a question properly submitted to the jury, to determine whether the notice was received and acted upon by the company at the place provided for in the contract. While this case cannot be cited as a precedent on the question involved, still what is said therein is applicable to the case at bar. In that case it is said: "If the local agents, without authority to do so, and without the approval of the managing office, sent out certain experts of their own selection to fix the machine, we are quite clear that such action could not be construed as a waiver of the stipulation as to giving notice." In this

case no claim is made that any attempt to notify the company at Racine was made, and the record contains no inference or intimation that the company was in any way notified at Racine of the defects claimed to exist. It is true, in general, that notice to an agent is notice to the principal; but in this case notice to the company at a particular place in a particular manner is made a condition precedent to the right to return the machine, and all other modes of notice to the agent are not effectual, under the general principle stated, in the absence of a showing that the company did receive notice, or waived it, or ratified the acts of the agent. A similar question was before the supreme court of Minnesota in *Nichols* v. *Knowles*, 18 N. W. Rep. 413. The court said: "In other words, the acceptance of the oral notice by Hickman, by his promise, without objection, to come and fix the machine, is the waiver contended for. In our opinion, there is a fatal objection to the defendants' proposition. There is no evidence whatever tending to show that Hickman was authorized to receive the notice provided for in the contract of warranty, for or in behalf of the plaintiffs; and no evidence whatever to show that he had the least authority to waive it, nor that the notice which was given to him was ever accepted or acted upon by plaintiffs, or his action in the premises ratified by them. The notice given to Hickman was therefore wholly ineffectual to bind the plaintiffs." In *Irle* v. *Nichols-Shepard Co.*, 89 Ill. App. 619, the court said: "Appellants repeatedly attempted to get before the jury proof that the machine would not work satisfactorily. They did not pretend to have notified appellee by registered letter at Battle Creek, Michigan, of the failure of the machinery to fulfill the warranty, as required by the contract, but contended that appellee acted upon such notice as was given, and thereby waived notice by registered letter. The difficulty with the contention as to waiver is that there was no competent proof, of any notice whatever, and no proof that persons who came to examine the machinery were sent by appellee. The copy of the letter to appellee, dated August 6th, was offered in evidence; but, as no notice to produce the original had been given, the court properly sustained an objection to it. Three men did at different times visit the machine, and attempt to remedy the alleged defect; but they seem to have done so at the instance of one C. J. Gottshall, a general state agent of appellee, residing in Bloomington. It nowhere appears that they were sent by appellee, or that Gottshall had any instructions from appellee to send them. Gottshall testified that his duties as general agent required him to superintend local agents and companies selling appellee's machinery in the state, but that he had nothing to do with machinery after being sold. The notice sent by appellants to him therefor could in no sense be regarded as a notice to appellee, and any action taken by him under such notice could not affect appellee, unless recognized by it. The power of an agent to bind a corporation is limited to the scope of his agency." In *Trapp* v. *New Birdsall Co.* (Wis.) 85 N. W. Rep. 478, the court said: "There is evidence that one of appellant's agents visited the machine

after the notice is claimed to have been given, but there is no evidence that he was sent by appellant, or that appellant had knowledge of his conduct. The mere fact that the agent so acted did not bind the appellant. The contract expressly provided that no agent should possess authority to add to it in any way, or to waive any of its provisions." See, also, *Aultman & Taylor Co.* v. *Gunderson,* 6 S. D. 226, 60 N. W. Rep. 859, 55 Am. St. Rep. 837. In that case written notice was given to the company at the home office and to a local agent, but not to the agent from whom the machine was purchased, and an agent of the company visited the machine and endeavored to make it work after such notices were given. The rule seems to be settled that if the seller acts on or recognizes a defective notice, or if an agent with authority to act in that particular matter, acts without the notice being given just as prescribed, the giving of the notice in the way provided in the contract is waived. But the company must act through an agent having authority, and acts of an agent without general authority, or without special authority in the particular case, are not binding on the company, and the provisions of the contract as to giving notice are not waived, and cannot be thus waived. The agent, Clary, had no authority to waive the provisions of the contract. The contract so stated. He did not act under authority from the company, and the company has not ratified his acts. The terms of the warranty have not been complied with. There was therefore no rescission of the contract by the defendants. The contract pointed out the way to rescind it. It pointed out the penalty of failure to do so. A compliance with the contract or order as to notice imposed no hard or difficult task. The defendants should have done as the contract provided, or dealt with authorized agents. The contract is explicit, and it is not for the courts to render its terms inoperative, unless conditions agreed upon have not been performed, or are waived by the parties or authorized agents. The defendants urge that the case at bar is ruled by *Thresher Co.* v. *Kennedy* (Ind. App.) 34 N. E. Rep. 856, and *Machine Co.* v. *Mann* (Kan.) 22 Pac. Rep. 417. In the first case notice was given to the general agent, and he and the defendants notified the company in writing that the machine would not work; and, further, a payment was made on the notes, and sent to the company, with a statement that the machine would not work, and that such payment was made on condition that the machine be made to work, and the company retained such money. Further, the agent in that case had authority to make sales, and the court held the provisions of the contract waived by an agent having authority to do so. In the other case there was no evidence that there was any restriction on the powers of the agent, and there was evidence that he, as manager of a branch office, had full powers to sell machines and receive those returned as unsatisfactory, and to refund what might have been paid on them. Under such circumstances, the court held that he had power to waive the provisions of the contract as to notice. Neither of these cases is in point.

The judgment is reversed, and the district court directed to order judgment in favor of the plaintiff in accordance with the demand of the complaint. All concur.