THE AULTMAN & TAYLOR MACHINERY COMPANY v.
J. L. WIER *et al.*

**No. 12,479.** ( 74 Pac. 227.)

SYLLABUS BY THE COURT.

1. SUMMONS— *Omission of Signature of Clerk.* The omission of
the signature of the clerk from a summons otherwise regular does
not render the process void, and the defect may be corrected by
amendment.

2. WARRANTY — *Case Followed.* The case of *Furneaux v. Es-
terly & Son*, 36 Kan. 539, 13 Pac. 824, approved and followed.

3. JURY AND JURORS — *Verdict Based on Wrong Theory.* A
special finding which clearly shows that the jury must have based
their general verdict upon a theory of the case radically different
from that contended for by the prevailing party, and not involved
in the issues submitted for their determination, will authorize a
reversal of the judgment.

Error from Linn district court; W. L. SIMONS, judge.
Opinion filed November 7, 1903.    Reversed.

*J. V. Donaldson, Rossington, Smith & Histed*, and *J.
W. Newell*, for plaintiff in error.

*Snoddy & Snoddy*, for defendants in error.

The opinion of the court was delivered by

MASON, J.:  The Aultman & Taylor Machinery Com-
pany sold thrashing machinery to J. L. Wier, receiv-
ing in payment notes secured by a chattel mortgage
on it and other property.   The first note not being
paid at maturity, the company took possession of the
machinery, sold it at public sale, applying the pro-
ceeds on the mortgage debt, and brought replevin for
the remainder of the mortgaged property.   Wier de-
fended on the ground of lack of consideration through
failure of the machinery properly to do the work for
which it was intended, claiming a rescission of the

contract of sale.   A verdict was returned for the de-
fendant, on which judgment was rendered, and to re-
verse it this proceeding is brought.

A preliminary question is presented by an objection
by defendant in error to the jurisdiction of this court
because the summons in error, otherwise regular in
form, was not signed by the clerk.   Plaintiff in error
has asked leave to have the summons in error amended
by the addition of such signature.   The question is
thus presented whether a summons in error lacking
the clerk's signature is absolutely void, or merely ir-
regular and therefore amendable.   The statute (Gen.
Stat. 1901 § 4489) provides that a summons "shall be
under the seal of the court from which the same
shall issue, shall be signed by the clerk, and shall be
dated the day it is issued," and (§ 5028) that a sum-
mons in error "shall issue and be served   .   .   .   as
in the commencement of an action."   The constitu-
tion contains no requirement that process be signed
by the clerk but does provide (Art. 3, § 1) that "all
courts of record shall have a seal to be used in the
authentication of all process."   In other jurisdictions,
under statutes substantially similar, the question has
frequently arisen and the decisions are conflicting.
(40 Cent. Dig. 2795–2797.)   The case of *Sharman v.*
*Huot*, 20 Mont. 555, 52 Pac. 558, 63 Am. St. Rep. 645,
is a recent well-considered case holding a summons
issued without the clerk's signature to be absolutely
void and incapable of amendment.   Perhaps the most
complete discussion of the question in any reported
case is found in *Ambler, Trustee v. Leach et al.*, 15 W.
Va. 677, where, after an exhaustive review of the
authorities, a contrary conclusion was reached.   In
Alderson on Judicial Writs and Process, after an

enumeration of the decisions on each side of the question ( §§ 39, 40 ), the author says :

"Reason and the weight of the authorities are in favor of the proposition that process, otherwise in form, is not void because not signed by the clerk. This is but the enforcement of the doctrine that the law favors substance rather than form, and will not deny substantial right to the citizen because of the misprision of an officer of state. The author is entirely satisfied to assert that an unsigned writ is voidable only, and the subject of amendment." ( § 40.)

In this state it has been held that process issued without the seal of the court is utterly void, by reason of the constitutional provision already referred to ( *Gordon v. Bodwell*, 59 Kan. 51, 51 Pac. 906, 68 Am. St. Rep. 341 ), but that an execution bearing the seal of the court, although lacking the signature of the clerk, is irregular only and may be amended after its return, the proceedings had under it being thereby validated. ·(*Taylor v. Buck*, 61 Kan. 694, 60 Pac. 736, 78 Am. St. Rep. 346.) It remains only to inquire whether the rule should be the same in the case of initial, as of final, process. It has often been held that a stricter conformity to the statute is exacted in original than in any later process, but the conflicting decisions referred to cannot be reconciled upon this principle since relatively few of them turn upon it. In *Lindsay v. Comm'rs. of Kearny Co.*, 56 Kan. 630, 44 Pac. 603, it was held that a summons lacking the clerk's signature should be quashed on motion, but in the opinion it was noted that the summons was attacked directly and not collaterally, the question presented being merely whether it was error to overrule the motion ; and in *Taylor v. Buck*, supra, it was said that the question whether such kind of writ was amend-

able was not presented in the earlier case, and therefore was not determined.

Since in this state the question is an open one, and elsewhere the authorities are divided upon it, we prefer to hold, as conforming to the spirit of the code and of modern practice, that the summons in this case was not void but merely irregular. There is nothing in the objection made that affects any substantial right of the parties. In *Truitt v. Baird*, 12 Kan. 420, it was held that if the summons in that case did not run in the name of the state, as required by the constitution, the defect was purely technical and might be disregarded. In some of the cases cited the courts have discussed with little profit the question whether the signature of the clerk authenticates the seal or the seal authenticates the signature. There is no room for invoking any such consideration here, since the constitution provides that the seal itself authenticates the writ. The signature is a mere formal requirement of the statute. The application of plaintiff in error for leave to have the summons in error amended by the addition of the clerk's signature will be allowed, the amendment will be considered made, and the court will take jurisdiction of the case upon the merits.

The rights of the parties are to be determined in the light of a written contract or order executed at the time of the sale. Defendant denied that the sale was made under this instrument but as the jury found against him on this point the question for the present purposes is no longer open. The contract, among other provisions, including various warranties of the efficiency of the machinery, contained the following :

"If within *six* days from the date of its *first use* said machinery shall fail in any respect to fill this warranty, the undersigned purchasers having intelligently fol-

lowed the printed hints, rules and directions of the manufacturers' written notice by registered letter shall at once, and within *six* days from the date of its first use as aforesaid, be given by the purchasers to the Aultman & Taylor Machinery Company, at their home office, Mansfield, Ohio, stating particularly what machine fails to fill the warranty and wherein, and if it be of such a nature that a remedy cannot be suggested by letter, reasonable time must be allowed the company to get to the machine with skilled workmen and remedy the defect, the purchasers agreeing to provide every facility for favorable operation and to render all necessary and friendly assistance and cooperation in making the machinery a practical success. It is also agreed that if a mechanical expert or other employee of the company visits said machinery in response to the notice above provided and leaves it working unsatisfactorily, the purchasers agree to give immediate notice by registered letter or prepaid telegram to the Aultman & Taylor Machinery Company, at Mansfield, Ohio, stating specifically any failure or neglect complained of and allow time for another expert to be sent to operate the machine. The foregoing notices to the Aultman & Taylor Machinery Company shall also be given even though the local agent or any other agent or employee of the company may be present and assist in setting up and starting the machinery at the time of its first use as aforesaid.''

The defendant was dissatisfied with the working of the machinery, claimed that it failed to accomplish its purpose or to fulfill the warranties, and complained to the agent of the company through whom the sale was made, one A. G. Copeland. On several occasions agents and machinists visited the machinery, made suggestions as to operating it, changed adjustments and furnished new parts. These persons, however, were either under the direction of the selling agent or of an office in Kansas City, the character of which was

not defined in the evidence.   To the question whether
defendant had ever given written notice of defects in
the machinery to the plaintiff company at its home or
Mansfield office, the jury answered: "No, but he did
notify their agent, A. G. Copeland, at La Cygne, Kan.,
so that the Aultman & Taylor Machinery Co. did
receive notice that the machine was not filling the
warranty." The question was also asked whether
defendant had given written notice to the company at
the Mansfield office that any mechanical expert or
employee of the company who visited the machinery
had left it in an unsatisfactory condition.   The jury
answered: "Yes, by letters sent from La Cygne, Kan.,
to the Kansas City office, some time in September,
1898, to the best of our knowledge." The evidence
leaves the character of the agency of A. G. Copeland
beyond doubt.   His authority was derived entirely
from a written instrument, which showed that he was
not a general agent.   Nor can it be contended that he
had even apparent authority to waive any of the con-
ditions of the contract of sale, which contained this
provision:

"No agent, salesman or mechanical expert has any
authority to add to, abridge or change any of the above
warranties, nor to waive any of the terms or conditions
of this contract, notice of failures or defects or of a
return of the machine under the terms of these war-
ranties or contract.   Local agents, canvassers and
traveling salesmen have no general agency powers,
and are authorized only to make sales in accordance
with special instructions upon forms furnished by the
Company."

Mere notice to Copeland was not sufficient to bind
the company, and we find no support in the evidence
for the finding that the company received actual no-
tice through him.   Nor in such examination of the

record as we have been able to make do we find any evidence that the Kansas City office constituted a general agency, or had control of the Kansas business of the company, or even that defendant sent any notice to the Kansas City office. No brief on the merits has been filed by defendant in error and our attention is not called to anything in the evidence (which covers over 350 pages) in support of the findings in this regard. We conclude that such evidence is lacking. These considerations bring the case within the rule announced in *Furneaux v. Esterly & Son*, 36 Kan. 539, 13 Pac. 824, the syllabus of which reads:

"Where a machine is sold upon a conditional warranty which expressly provides that the purchaser shall have a certain time in which to test the machine, and if it fails to fulfill the warranty, the purchaser shall give the seller written notice stating wherein it fails, *held*, that to avail himself of the benefits of the warranty the purchaser must render substantial compliance with the agreement; and that if no written or actual notice was given, and there was no waiver of the condition, the warranty cannot be enforced against the seller.

"Where a contract of warranty, which is executed in duplicate and one of which is retained by each of the parties, contains a provision that no agent has authority to change the warranty, it is a notice to the purchaser of a limitation upon the authority of the agents of the seller; and that they cannot waive or dispense with an express condition of the contract."

This conclusion does not in the least conflict with the doctrine of *Machine Co. v. Mann*, 42 Kan. 372, 22 Pac. 417, where notice was given to an agent who had authority to sell machines and receive those which should be returned to him as unsatisfactory, and refund what might have been paid upon them. A recent case in point is *Case Thrashing Machine Co. v.*

*Ebbighausen,* 11 N. D. 466, 92 N. W. 826, 59 L. R. A. 733.   See, also, *Fahey v. Esterley Machine Company,* 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554.

Another finding of the jury would require a reversal of the case.   To the question, "What amount do you deduct from the notes, principal and interest, on account of the thrashing outfit and machinery taken by plaintiff from the defendant J. L. Wier?" they answered "$471.50."   This property was sold, as the jury elsewhere found, for $600, and there is no apparent explanation of this reply.   The variation of the amount would of itself be unimportant, but the answer shows that the jury regarded the notes as in force and not as canceled by the rescission of the contract.   They therefore must have reached their verdict by considering the notes as valid, but allowing defendant credit on account of damages sustained by breach of warranties sufficient to offset the balance otherwise due upon them.   This was an issue not submitted to them and a verdict for defendant on such theory cannot be upheld.

It is also contended by plaintiff in error that the fact that defendant kept and used the machinery for some four months was conclusive against him. Whether this was an unreasonable time under all the circumstances was a question of fact, which the court properly submitted to the jury.

The judgment is reversed and the case remanded for further proceedings in accordance with this opinion.

All the Justices concurring.