## CONSOLIDATED WAGON & MACHINE CO. v. BARBEN et al.

No. 2745.   Decided July 3, 1915.   (150 Pac. 949.)

1. SALES—ACTIONS—WARRANTIES. A written contract of sale contract of sale contained a warranty, providing that if after a trial of five days the machinery should fail to fulfill the warranty, written notice should be given to the seller and also the agent from whom the machinery was received, and that failure to make such trial or give such notices should be conclusive evidence of due fulfillment of warranty. Notice of breach of warranty was given to the agent, but not given to the seller until nearly a year after the sale. *Held* that as notice was a condition precedent to the reliance on the warranty, action for the price could not be defeated on the ground of breach of warranty, the notice to the agent not being enough.[1] (Page 383.)

[1] *Orchard Co.* v. *Canning Co.*, 32 Utah, 233, 89 Pac. 1010, 12 L. R. A. (N. S.) 540.

2. SALES—WARRANTIES—ACTION. Where a contract of sale required machinery found defective to be returned, a failure to return defective machinery precludes reliance on the warranty. (Page 383.)

Appeal from District Court, Fifth District; Hon. *Joshua Greenwood,* Judge.

Action by the Consolidated Wagon & Machine Company, a corporation, against Fred Barben and others, partners.

Judgment for defendants. Plaintiff appeals.

REVERSED and remanded, with directions.

*W. B. Higgins* and *Stewart, Bowman, Morris & Callister* for appellant.

*J. A. Melville* for respondents.

APPELLANT'S POINTS.

Where the parties themselves stipulate what the result of a breach of a particular contract shall be, the courts will enforce the stipulation. (*Foxley* v. *Rich,* 35 Ut. 162, 179; *King* v. *Towsley,* 64 Iowa 75, 19 N. W. 859.)

In the case at bar the defendants cannot defend on the ground that the machinery did not fulfill the warranty unless they allege and can show compliance with the terms and stipulations thereof. This they have failed to do. (*Murphy* v. *Russell et al.,* 67 Pac. [Ida.] 421, 423-424.)

Parties may, by the express terms of their contracts of sale, make a failure to give notice of defects to the seller within the stipulated time, conclusive evidence that the warranty is fulfilled to the satisfaction of the purchaser. (*Murphy* v. *Russell,* 67 Pac. [Ida.] 421, 424; *Furneaux* v. *Esterly,* 36 Kan. 539, 13 Pac. 824; *Beasley* v. *Huyett & S. Mfg. Co.,* 92 Ga. 273; *Case Threshing Machine Co.* v. *Ebbighausen,* 92 N. W. [N. D.] 826; *Russell* v. *Murdock,* 79 Iowa 101, 44 N. W. 237; *Fahey* v. *Machine Co.,* 55 N. W. [N. D.] 580; *Machine Co.* v. *Hartman,* 53 N. W. [Neb.] 566.)

RESPONDENTS' POINTS.

A waiver by the party for whose benefit or protection no-tice should be given is equivalent to notice and dispenses with its necessity. (29 Cyc. 1117; *Smyser* v. *Fair*, 73 Kan. 773; *Taunton Bk.* v. *Richardson*, 5 Pick. 436; *People* v. *Albright*, 23 How. Pr. 306; *Wood* v. *Stewart*, 7 Vt. 149.) An allegation of actual notice is supported by proof of waiver of notice, since the latter is equivalent to the former. (29 Cyc. 1125.) If there is a mutual departure from the terms of a contract, and afterwards one of the parties concludes thenceforth to stand on the letter of the contract, he must notify the other. (9 Cyc. 617; *Eaves* v. *Cherokee Iron Co.*, 73 Ga. 459.) A party to a contract may dispense with a condition in his favor, and when this is done, it is the same as though the thing dispensed with had been done. (*Mining Co.* v. *Mining Co.*, 5 Ut. 624.)

FRICK, J.

The plaintiff, a Utah corporation, brought this action to recover the sum of $1,000 upon a contract of sale entered into between it and the defendants. The $1,000 was originally payable in three installments, as follows: $334 on December 1, 1912; $333 on December 1, 1913, and $333 December 1, 1914. The action was commenced December 1, 1913. It was, however, alleged in the complaint:

"That by the terms of said contract if any payment pro-vided for therein is not made at the time provided for, the whole of said $1,000 shall then and there become due."

It was further alleged that the defendants had failed to make the payment which fell due on December 1, 1912, or any part thereof. The defendants appeared and defended the ac-tion. They alleged in their answer that the $1,000 sued for constituted the purchase price of a certain threshing machine, horse power and attachments, all of which machinery, they alleged, was warranted by the plaintiff; that said machinery had failed to fulfill the warranty in certain particulars, and hence defendants were not liable upon the contract. The

contract of purchase was in writing, was dated July 11, 1912, and was signed by both parties thereto. After describing the machinery purchased and the terms and conditions of payment, the contract also contained the following provision:

"The company [plaintiff] makes this sale subject to the warranty written on the reverse side of this contract, and it is expressly agreed and fully understood by all of the parties hereto that no verbal agreement, warranty, guaranty or representation whatever is binding on either or any of the parties hereto or otherwise except as it is written on the back hereof. This written contract contains all the terms of this order, purchase and sale."

The following is the warranty referred to and relied on by the defendants:

"We guarantee farm implements and spring work for one year from date of sale, and automobiles and all farm machinery and agricultural implements for the first season. This warranty is against defective materials and workmanship. Parts claimed to be defective must be presented for inspection at our office at Salt Lake City, Utah, and if pronounced defective by us, duplicate parts only will be furnished free f. o. b. factory. We do not warrant tires, springs or paint, neither will we pay repair bills.

"It is further agreed that a defect, within the meaning of this warranty, and any part of the machine, attachment or article shall not, when such part is capable of being removed and repaired or replaced, operate to condemn said machine, attachment or article.

"It is warranted that the machinery and goods hereby sold are made of good material, and durable with good care to do as good work, under the same conditions, as any made in the United States of equal size and rated capacity. If properly operated by competent persons with sufficient steam, gasoline, horse or other power, as the case may be, and the printed rules and directions of this company and of the manufacturers are intelligently followed. If by so doing, after trial of five days by the second parties, said machinery or other articles shall fail to fulfill the warranty, written notice thereof

shall at once be given to the company and also to the agent through whom received, stating in what parts and wherein it fails to fulfill the warranty, and a reasonable time shall be given to said company to send a competent person to remedy the difficulty, the second parties rendering necessary and friendly assistance, said company reserving the right to replace any defective part or parts, and if then the machinery cannot be made to fill the warranty, the part that fails is to be returned by the second parties free of charge to the place where received and the company notified thereof, and at the company's option, another substituted therefor that shall fill the warranty, or the notes and money for such part immediately returned and the contract rescinded to that extent and no further claim made on the company. Failure so to make such trial or to give such notices in any respect shall be conclusive evidence of due fulfillment of warranty on the part of said company and that the machinery is satisfactory to the second parties and the company shall be released from all liability under the warranty. Any assistance rendered by the company, its agents or servants in operating said machinery or in remedying any actual or alleged defects, either before or after the five days' trial, shall in no case be deemed any waiver of, or excuse for any failure of the second parties to fully perform the conditions of this warranty, when at the request of the second parties a man is sent to operate the above machinery, which is found to have been carelessly or improperly handled, said company putting the same in working order again, the expense incurred by said company shall be paid by said second parties. If any part of the machinery fails from defect of material while this warranty is in force, the company has the option to repair or replace the same on presentation of the defective part or parts, but deficiency or defects in any piece shall not condemn other parts, and the second parties expressly waive all claim for damages on account of the nonfulfillment of said warranty by any of the described machinery. A failure to live up to any of the provisions hereof or to make any payment as heretofore provided in this contract or to comply with any of the conditions of this warranty on the part of the second parties or any abuse, mis-

use, unnecessary exposures of machinery or waste committed or suffered by the second parties, or carelessness on their part or inefficiency in handling of the said machinery discharges the company from all liability whatever.''

The particulars in which the machinery was alleged to have been defective are set forth in the answer as follows:

''Defendants further allege that defective materials and workmanship was used in the construction of the said threshing machine, consisting of a separator, horse power and attachment, referred to in said contract, attached to plaintiff's complaint; that the said machinery was not made of good materials; that the workmanship in the same was poor and inferior, and said machinery would not do as good work under same conditions as any made in the United States of equal size and rated capacity, although it was operated by competent persons with sufficient horse power, that being the power by which it was constructed to have been operated, and although the printed rules and directions of the plaintiff company and manufacturers were intelligently followed.

''Defendants further allege that the fundamental construction and general plan and the operation of the said machinery was fundamentally wrong in this: The gearing of said machinery and tension of the same and the propelling power was too low; that it was impossible by the application of the necessary horse power for its operation to get up a reasonable speed or tension, or to get the machinery under proper motion for threshing grain, and as a result the grain threshed was not properly cleaned, much of it was wasted, and it was unreasonably chopped up, thereby greatly depreciating its market value; that not more than half of the amount of grain could be threshed by said machinery, when operated by competent persons, with a sufficient amount of horse power, in a given period of time, that could be threshed by any like, or similar, machinery made in the United States of equal size and rated capacity.''

The pleader then averred the efforts that had been made by the defendants to operate the machinery, and further stated that they had been unable to make the same work satisfactorily. The plaintiff filed a reply in which it admitted the

warranty relied on by defendants, and in effect denied all other averments contained in the answer. A trial to a jury resulted in a verdict for the defendants. The court entered judgment on the verdict, from which this appeal is prosecuted.

Plaintiff's counsel have assigned numerous errors, the principal one being that the evidence does not support the verdict and judgment. It is strenuously insisted that the uncontradicted evidence shows that the terms of the warranty had not been complied with by the defendants, and **1, 2** hence they could not successfully defend an action for the recovery of the purchase price of the machinery purchased. For example, it is contended that the warranty provided as follows:

That if "after a trial of five days by the second parties said machinery * * * shall fail to fulfill the warranty, written notice thereof shall at once be given to the company and also to the agent from whom received, stating in what parts and wherein it fails to fulfill the warranty. * * * Failure so to make such trial or to give such notices in any respect shall be conclusive evidence of due fulfillment of warranty on the part of said company and that the machinery is satisfactory to the second parties, and the company shall be released from all liability under the warranty."

Appellant's counsel contend that the defendants have failed to comply with the conditions of said warranty in that they have failed to return the machinery and have also failed to give the notices provided for, and hence they may not rescind said contract nor defeat plaintiff's rights to recover the purchase price of said machinery. The uncontradicted evidence shows that the contention just stated is well founded. Although defendants took possession of the machinery in August, 1912, the only notice ever given to the plaintiff is the following:

"Delta, Utah, Nove. 3, 1913.

"To the Con. Wagon & Machine Co.—Dear Sir: I have tried to get my company together, but find out that I cannot get any results. All I can get out of them that are willing to make the first payment if you will take it back as it did not

give satisfaction. You did not come to aid us until the last of October, 1913, when the work was all done. I wish you could except that offer and come in July, 1914, start that machine up to do the work as it should do and we will be glad to pay it up in full. I wish you would remember that we bought that machine to be in good running order with everything with it that belongs to a machine to go right in the field to work but don't you know when we first got that machine we had to go five miles to get it when we had a depot right at home but I don't care for that, it was short of measuring box, short of chinge for horse power that take two weeks to get it. Then we go out in the field; would not work. We sent for a smaller cogwheel. Was two months before we got that. By that time we lost all that work and when we got the cogwheel it broke the first thing. We sent for another or more and we could not make it work right. We kept writing you and Beckstrand but got no aid as yet and also it made our boys sore that we bought a complete outfit and because it did not all come at once. Charge us up with extras when we paid big price for it.''

Although it is stated in the letter that ''we kept writing you,'' the evidence is conclusive that no notice was given the plaintiff except the one here set forth. The machinery, therefore, was in the possession of the defendants much more than a year before they made any attempt to comply with the condition requiring them to notify the plaintiff respecting any alleged defects in the machinery covered by the warranty. It is true that they contend that they notified the local agent, and that he attempted to make the machinery work. It is, however, also true that notice to the local agent alone was not a compliance with the express terms of the warranty, and, standing alone, can afford the defendants no protection. This has so often been decided to be the law by the courts under warranties like the one in question that we can add nothing new to the subject, and hence all that can be required of us is to call attention to a few of the many cases upon the subject. The following cases are decisive of the question under consideration: *King* v. *Towsley,* 64 Iowa 75, 19 N. W. 859; *Russell & Co.* v. *Murdock,* 79 Iowa 101, 44 N. W. 237, 18 Am. St.

Rep. 348; *Murphy* v. *Russell*, 8 Idaho 133, 67 Pac. 421; *Fur-neaux* v. *Easterly & Son*, 36 Kan. 539, 13 Pac. 824; *Beasely, Hallett & Co.* v. *Smith, etc., Co.*, 92 Ga. 273, 18 S. E. 420; *J. I. Case, etc., Co.* v. *Ebbighausen*, 11 N. D. 466, 92 N. W. 826; *Fahey* v. *Easterly, etc., Co.*, 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554; *J. I. Case, etc., Co.* v. *Hall*, 32 Tex. Civ. App. 214, 73 S. W. 835; *Wilson* v. *Nichols & Shepherd Co.* 139 Ky. 506, 97 S. W. 18; *Nichols & Shepherd* v. *Rhoadman*, 112 Mo. App. 299, 87 S. W. 62; *Rowell* v. *Oleson*, 32 Minn. 288, 20 N. W. 227; *Aultman & Taylor, etc., Co.* v. *Wier*, 67 Kan. 674, 74 Pac. 227. That such stipulations in warranties like the one in question are conditions precedent, and unless substantially complied with will prevent a successful defense against an action for the purchase price, has, according to the author of 2 Mechem on sales, sections 1383, 1384, 1386, become elementary law. In *Wilson* v. *Nichols & Shepherd Co.*, *supra*, the Court of Appeals of Kentucky, in passing upon provisions like those in the warranty before us, says:

"Contracts similar to this have been before this court in a number of cases, and it has uniformly been ruled that, when the parties to the contract have agreed upon the warranties and the remedies that accrue upon a breach of them, these remedies constitute the only relief in this particular that the purchaser has, and he must look to his contract and be governed by its stipulations. The contract here affords to the purchaser a remedy, if the warranty is broken, that will at once relieve him from all liability. He can return the machine, and demand his purchase notes, thereby canceling the contract; but if he elects to retain the property in its defective condition he must pay the purchase price"—citing cases.

The same thought is expressed by Mr. Justice Straup in *Orchard Co.* v. *Canning Co.*, 32 Utah, 233, 89 Pac. 1010, 12 L. R. A. (N. S.) 540, in the following words:

"The rule deduced from the authorities is that where the parties have not stipulated as to the course which shall be taken in case of a failure of the warranty, the vendee has his election either to sue on the warranty, or to rescind the contract by returning the property and bringing an action for the money received by the seller. But it is competent, however, for the parties to provide by contract that a particular course shall be pursued on a failure of the warranty. That is what the parties have done in this case. The return of the

defective cans to plaintiff's factory was, by the agreement of the par-
ties, made a condition precedent to the right of recovery for a failure
of the warranty."

The parties in the case at bar, in specific terms, have pro-
vided what course shall be pursued by the defendants in case
the machinery shall fail to fulfill the terms of the warranty.
One of the things required to be done was the service of writ-
ten notice both on the local agent and also upon the company
within a specified time, in which the particular defects claimed
to exist in the machinery shall be stated. Another condition
was that if the machinery was defective and plaintiff failed
to comply with the terms of the warranty, in order to entitle
the defendants to rescind and be relieved from their obliga-
tions they must return the machinery if the whole is de-
fective, or the defective parts, to the plaintiff. The defend-
ants wholly failed to comply with the condition of serving
notice so far as the company is concerned. They did not even
attempt to comply with that provision. This, under the cases
before cited, is alone sufficient to prevent them from sustain-
ing a defense to an action for the purchase price of the ma-
chinery. They further failed to comply with another con-
dition which was equally important, and which has the same
effect regarding their right to defend this action, namely, they
utterly failed to return the machinery, or any part thereof,
as stipulated in the warranty. Notwithstanding this fact, and
that they have retained the possession of the machinery, they
nevertheless were wholly absolved from paying any part of
the purchase price. They were thus with absolute impunity
permitted to violate the terms of the contract, which, so far
as disclosed by the evidence, was deliberately entered into in
good faith by all the parties. To permit parties to thus vio-
late their obligations must ultimately lead to an entire disre-
gard for law and order. To permit this in the long run will
reflect and react most strongly upon the very class which
now and then is given supposed relief against the performance
of their own obligations by a jury of laymen for no other
reason than that, in their judgment, the stipulations of the
contract are not such as they can approve. The defendants
in this case had a choice of agreeing to the stipulations con-

tained in the contract of or refusing to do so. They chose to enter into the stipulations, and they must abide by their choice. They had a clear and adequate remedy if the machinery proved defective in any particular covered by the warranty.

Defendant's counsel, however, claims that there was some evidence to the effect that the plaintiff had waived either some or all of the stipulations contained in the warranty. There is absolutely no competent evidence whatever to sustain such a claim. In all of the cases before cited there was much stronger evidence of a waiver, and yet in all of them it is clearly held that under the terms of such a warranty the evidence of waiver was wholly insufficient as a matter of law. So here. Indeed, in addition to the want of evidence of a waiver, no waiver was pleaded in the answer, although defendants had every opportunity to so plead.

Without pausing to discuss any of the other numerous errors assigned, we, for the reasons stated, are forced to the conclusion that under the undisputed evidence as it now stands there was but one course open to the trial court, and that was to direct the junry to return a verdict for the plaintiff for the full amount sued for, with interest and costs, as stipulated in the contract.

The judgment is reversed, and the cause is remanded to the District Court of Millard County, with directions to grant a new trial and to proceed with the case in accordance with the views herein expressed. The appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.