TURNER and another, Respondents, vs. NACHTSHEIM, Appellant.

*January 31 — February 28, 1888.*

REFERENCE: *(1) Vacating order of denial:* Res adjudicata.  *(2) "Long account."*

1. Though an order denying a reference is absolute in its terms, the court may at any time during the same term vacate it and grant a reference.
2. An account which contains some twenty charges for different kinds of service, rendered at different times during a period of several months, is a "long account," within the meaning of sec. 2864, R. S.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover for legal services. A bill of particulars is annexed to the complaint and made a part of it, containing twenty items for services rendered, commencing September 1, 1886, and ending May 2, 1887. The answer, in substance and effect, is a general denial. The plaintiffs applied to the court for a reference of the cause, but the court denied the application. The order denying the motion gives no leave to renew it. Subsequently, at the same term, the plaintiffs moved to vacate such order, and that the cause be referred. The motion was granted, and an order was entered vacating the former order and referring the cause to a court commissioner to hear, try, and determine the same. From this last order the defendant appeals.

For the appellant there was a brief by *Rogers & Mann,* and oral argument by *Mr. Mann.* The issues were not referable, and the account sued upon is not a long account. *Druse v. Horter,* 57 Wis. 648; *Knips v. Stefan,* 50 id. 290. The motion for a reference having been denied unconditionally, and no leave given or asked to renew it, the matter of the motion is *res adjudicata. Webster v. Oconto Co.*

47 Wis. 225; *Cothren v. Connaughton*, 24 id. 138; Herman on Estoppel, sec. 472; *Hoppe v. C., M. & St. P. R. Co.* 61 Wis. 367.

For the respondents the cause was submitted on the brief of *Anthony Koenen*. The account was a "long account." *U. S. Rolling Stock Co. v. Johnston*, 67 Wis. 182; *Dane Co. v. Dunning*, 20 id. 210; *Monitor Iron Works Co. v. Ketchum*, 47 id. 177; *Carpenter v. Shepardson*, 43 id. 413. The order denying the reference might be vacated at the same term, and then could be no bar to another motion. *Servatius v. Pickel*, 30 Wis. 507; *Brown v. Brown*, 53 id. 29.

LYON, J.    1. It is claimed on behalf of defendant that the first order, which denied the motion to refer the cause, is *res adjudicata* of the question, and that the court had no power to make the second order, from which this appeal is taken. Had the court referred the cause without vacating the first order, the objection would be well taken, because that order is absolute in its terms. This court has frequently so held. But it was entirely competent for the court to vacate that order at any time during the term at which it was made, and when that was done it ceased to be an impediment to a reference of the cause. That the court had power to vacate such order at that term is unquestionable; for this court has often asserted the general rule that the court has entire control over its own orders and judgments, and may modify or vacate them at any time during the term at which they were made or rendered.

2. If the plaintiffs' bill of particulars annexed to the complaint is a "long account," within the meaning of sec. 2864, R. S., the cause was properly referred. We think it does contain a "long account." There are some twenty charges for different kinds of service, rendered at different times during a period of several months. It is claimed that they were all rendered in the same action. Were this true, it is

not perceived that the fact has any significance; but it is not true. As to several of the items, it does not appear in what action the services were rendered. The defendant could have avoided the reference by admitting the correctness of the account; thus narrowing the issue to the question of his liability. Failing to do this, he must submit to the reference.

*By the Court.*— Order affirmed.