Sutton, Appellant, vs. Wegner, Respondent.

*September 4 — September 24, 1889.*

*Reference: "Long account:" Counterclaim: What considered on motion to refer.*

1. An account consisting of at least fifteen items, some of which are subdivided, is a "long account," within the meaning of sec. 2864, R. S.
2. A compulsory reference is justified by a long account involved in the issue upon a counterclaim.
3. Upon a motion to refer, the merits of the issue cannot be considered.

APPEAL from the Superior Court of *Milwaukee* County. The case is stated in the opinion.

*J. J. Sutton,* appellant, in person, contended that there was no *long* account such as is contemplated by sec. 2864, R. S. *Druse v. Horter,* 57 Wis. 644; *Knips v. Stefan,* 50 id. 286. "When the action from its nature is not referable the answer cannot make it so." *Townsend v. Hendricks,* 40 How. Pr. 143; *Turner v. Taylor,* 2 Daly, 278; *Cameron v. Freeman,* 18 How. Pr. 310.

For the respondent there was a brief by *Turner & Timlin,* attorneys, and *Kate H. Pier,* of counsel, and oral argument by *Miss Pier.* As to what constitutes a "long account," they cited *Turner v. Nachtsheim,* 71 Wis. 16; *Welsh v. Darragh,* 52 N. Y. 590.

Orton, J. This action is brought to recover of the defendant $100, due upon a promissory note given by him to the plaintiff September 18, 1885, with interest from that date, and $64 for the use of the plaintiff's horse. The defendant, by answer, admitted the execution of said note and denied all other allegations of the complaint, and by separate answer sets up counterclaims for $63, money paid for the plaintiff's use, and for $183.13, for labor and services performed for the plaintiff and at his request, as an at-

torney at law, and at divers times, and for money paid for his use and at his request between the 1st day of August and the 30th day of November, 1885, which consists of an account current between the parties. The plaintiff, by replication, denied these counterclaims. The defendant moved the court to refer the cause for trial, on the ground that such counterclaim consists of a long account, and that the trial of the issue of fact on said counterclaim and replication thereto requires the examination of said long account. The motion was accompanied by an affidavit, stating, substantially, that said counterclaims consist of many items which must be proven separately and by reference to an account thereof and annexed thereto, showing the same to consist of at least fifteen different items, and some of them subdivided. The court thereupon granted said motion, and referred the case. The plaintiff has appealed from said order.

This is a very clear case for a reference. This account, within the meaning of the statute, may properly be called a "long account." *Turner v. Nachtsheim*, 71 Wis. 16. The contention of the learned plaintiff that if the action from its nature is not referable the answer cannot make it so, is answered by the statute under which the reference was made,— subd. 1, sec. 2864, R. S.: "When the trial of an issue of fact shall require the examination of a long account *on either side;* in which case the referee may be directed to hear and decide *the whole issue*," etc.

The merits of the issue cannot be considered on such a motion. The affidavit of the plaintiff "that the whole account is without any foundation in fact, and that neither of the fifteen items of said account are a legal charge against the plaintiff," was therefore out of place.

*By the Court.*— The order of the superior court is affirmed.