Chicago & Northwestern Railway Company, Respondent, vs. Faist and others, Appellants.

*March 16 — April 10, 1894.*

*Reference: Long account: Railroads: Demurrage.*

In an action by a railway company to recover for demurrage, two long series of charges, in the form of accounts and attached as schedules to the complaint, showing with particularity the number of each car detained, the date and time of its detention, and the amount claimed by reason thereof, are *held* to be "accounts" within the meaning of the statute (sec. 2864, R. S.) providing for a compulsory reference.

APPEAL from the Superior Court of *Milwaukee* County. Action to recover demurrage for the detention of freight cars. The complaint alleges that defendants operate an elevator in Milwaukee, which is connected with plaintiff's railroad by a side track, whereon it was the established custom of the plaintiff to deliver, and the defendants to

accept, car-load lots of grain; that between September 15, 1891, and January 8, 1892, the plaintiff carried over its road, from divers points, many car loads of grain, which were consigned to, and were owned by, the defendants; and that such carriage was made with reference to an established custom of plaintiff, known and understood by defendants, by which consignees of such freight were required to unload and release the cars within a reasonable time, which reasonable time is forty-eight hours. The complaint then alleges the neglect and refusal to receive and unload many such cars within a reasonable time, whereby plaintiff lost the use of the cars, which was worth one dollar per day for each car. A schedule is annexed to the complaint, showing the number and description of each car so delayed, the number of days of each detention in excess of forty-eight hours, and the value of the use of each car; and it is alleged that the defendants have thereby become indebted to the plaintiff in the gross sum of $1,174, which they refuse to pay, though payment has been demanded. The schedule is in form of an account in items, giving the number of each car, the date of its arrival, the date and hour of placing the car, the date and hour of its release, and the amount of the charge for demurrage, which amounts range from $2 to $27. There are eighty-eight items in the account. A second cause of action claims demurrage on car-load lots of grain purchased by defendants of other parties upon the plaintiff's tracks in Milwaukee, and the items of this claim are also set forth in a similar account or schedule, containing forty-five items.

The answer is not necessary to be fully stated, but it admits that the plaintiff transported grain in car-load lots consigned to defendants, and that such carriage was made with reference to an established custom requiring the unloading and release of cars within a reasonable time after their delivery, but denies that they neglected to unload the

cars, or any of them, within a reasonable time.   The answer also contains a counterclaim for delay in the delivery of the same car loads of grain which are enumerated in the schedules attached to the complaint.

Upon the pleadings the action was referred to John F. Harper, Esq., to hear, try, and determine.   From the order of reference defendants appeal.

The cause was submitted for the appellants on the brief of *Hugh Ryan*, and for the respondent on that of *Winkler, Flanders, Smith, Bottum & Vilas.*

To the point that the so-called "accounts" are merely statements of a large number of claims for unliquidated damages, and are not accounts within the meaning of sec. 2864, R. S., counsel for the appellants cited 20 Am. & Eng. Ency. of Law, 673; *Camp v. Ingersoll,* 86 N. Y. 433; *Untermyer v. Beinhauer,* 105 id. 521; *Willard v. Doran & W. Co.* 48 Hun, 402; *Druse v. Horter,* 57 Wis. 644–648; *Andrus v. Home Ins. Co.* 73 id. 642; *Bell v. New York,* 11 Hun, 511; *McDonnell v. Stevens,* 9 id. 28; *Thomas v. Reab,* 6 Wend. 503; *Silmser v. Redfield,* 19 id. 21; *Dederick's Adm'r v. Richley,* id. 108; *McCullough v. Brodie,* 13 How. Pr. 346; *Dewey v. Field,* id. 437; *Townsend v. Hendricks,* 40 id. 143; *Keep v. Keep,* 58 id. 139; *McLean v. East R. Ins. Co.* 8 Bosw. 700.

Counsel for the respondent cited *La Coursier v. Russell,* 82 Wis. 265; *Briggs v. Hiles,* 79 id. 571; *Littlejohn v. Regents,* 71 id. 437; *U. S. Rolling Stock Co. v. Johnston,* 67 id. 182; *Monitor Iron Works Co. v. Ketchum,* 47 id. 177.

WINSLOW, J.   We regard this as an action on contract. The contract relied on is the implied one to pay the reasonable value of the use of the cars during the time which they were held by defendants in excess of the time which, by their contract of carriage, they were entitled to hold them. We think the schedules attached may be fairly called "ac-

counts." The particularity with which they are stated indicates that each item was put down at the time it occurred. They appear to be, in fact, two long series of charges for the reasonable value of the use of the cars which were detained by the defendants longer than they agreed to detain them. It is true that the charges are unliquidated, but so are the items of a bill for goods sold at various times on a *quantum valebant*. The trial of such a case as the present before a jury would be wellnigh impossible. We express no opinion on the general question of the right of a railway company to recover demurrage charges.

*By the Court.*— Order affirmed.