(20 Misc. Rep. 155.)

HAIG v. BOYLE et al.

(Supreme Court, Special Term, St. Lawrence County. April, 1897.)

COMPULSORY REFERENCE—EXAMINATION OF LONG ACCOUNT.

Plaintiff in an action on a note is entitled to a compulsory reference, on the ground that the trial will require the examination of a long account (Code Civ. Proc. § 1013), where the answer denies that the note was given for a valuable consideration, and alleges a counterclaim consisting of transactions between the parties covering several years and embracing many items.

Action by John A. Haig against John Boyle and others. Plaintiff moves for a compulsory reference. Granted.

F. J. Merriman, for plaintiff.
D. B. Lucey, for defendants.

RUSSELL, J. The plaintiff moves for a compulsory reference of the issues under the authority of section 1013 of the Code of Civil Procedure, which allows such a reference where the trial will require the examination of a long account on either side, and will not re-

quire the decision of difficult questions of law. The action is upon a promissory note, but the answer denies that the same was given for a valuable consideration, and the defendants' counsel insists that upon the trial he has a right to compel the plaintiff to show the consideration. The defendants also set up in their answer a counterclaim, to which a reply has been served, and from the pleadings, the bill of particulars, and the affidavits of the plaintiff and the defendant John Boyle it is apparent to me that an accounting between the parties must be had, and that an examination of many items of the transactions between the parties for several years will be essential to determine the controversy in this case. The question presented is very similar to that decided by the general term of the First department in the case of Irving v. Irving, reported in 90 Hun, 422, 35 N. Y. Supp. 744. That case also reviews the late case in the court of appeals of Steck v. Iron Co., 142 N. Y. 236, 37 N. E. 1. The latter case decided simply that where the proof of plaintiff's claim was required, and did not involve the examination of a long account, it was a case where the plaintiff had a right to try the case by jury, and the defendant could not deprive him of that right by a counterclaim set up in the answer, which might involve such examination of a long account. It is necessary to examine the opinion and the reasoning to ascertain precisely the rule laid down by the court of appeals, and the headnote, that the right to a compulsory reference is to be determined by the complaint alone, does not fully state the basis of the decision. Where the plaintiff brings an action, though in form upon an instrument which gives him a prima facie right of recovery upon its production, yet the consideration of which is founded upon transactions embracing numerous items, and the existence of that consideration of the instrument is denied by the answer, he voluntarily brings an action into court which may be referable; and when the cause of action which he brings is conceded, but is sought to be overcome by the existence of a larger demand in favor of the defendant, consisting of numerous items, the issue then becomes one solely of the proper balance arising upon the determination of these various items, which is a case also for a reference.

It is apparent that in this case, although the production of the note is prima facie evidence of a liability to that extent, yet that the defendants' proof as to the state of the accounts at the date of the giving of the note may so overcome the presumption of indebtedness that the plaintiff in rebuttal will be obliged to give proof of the items of indebtedness which he claims, and, therefore, the examination of a long account is essential, even in establishing the existence of any indebtedness from the defendants to the plaintiff, aside from a further affirmative claim which they may prove under the allegations of their counterclaim. Irving v. Irving, supra. In this case it must also be noted that the plaintiff moves for the reference, and thus waives any right to trial by jury which he might claim, and that the defendants themselves bring into court the answer which requires the examination of a long account.

The motion for a reference is granted, with $10 costs to abide the event. Motion granted, with $10 costs to abide event.