(76 N. W. Rep. 996.)

---

John McTavish vs. Great Northern Railway Company.

Opinion filed October 25, 1898.

### Appeal—Statement of Case—Violation of Statutes—Striking from Files.

In this case the statement of the case was settled by the trial court pursuant to a stipulation of counsel. Both the statement of the case and the so-called "abstract" filed in this Court are mere rescripts of the reporter's notes, and embody all the evidence, objections, rulings, and exceptions had or taken at the trial, without an attempt at condensation. A motion is made in this court to strike said statement of the case and abstract from the files of this Court, upon the ground that the same are framed in open disregard of the statutes and rules of this Court and of repeated decisions made by this Court. *Held*, that the motion must be granted. Statements which are framed in violation of the statute and rules of court cannot be authenticated by amicable agreements made by counsel, even when such agreements are sanctioned by the trial court. The preparation of statements of the case, and abstracts thereof, is regulated by statute and rules of this Court, and these cannot be superseded by the combined action of counsel and the trial court from which the record is transmitted. See Thuett v. Strong, 7 N. D. 565.

Appeal from District Court, Pierce County; *Morgan*, J.

Action by John McTavish against the Great Northern Railway Company for damages caused by fire. Judgment for plaintiff. From the judgment and order denying its motion for a new trial, defend-

ant appeals. Motion by plaintiff to strike statement of case and abstract from files.

Motion granted.

*W. E. Dodge* and *Charles S. Albert,* for appellant.

*N. A. Stewart* and *J. H. Bosard,* for respondent.

WALLIN, J. This action is brought to recover damages alleged to have been suffered on account of injuries to the person and to the property of the plaintiff resulting from a certain prairie fire, which fire plaintiff avers was negligently started by the defendant upon its right of way. The action was tried to a jury, and resulted in a verdict and judgment for the plaintiff. A statement of the case was stipulated by counsel, and the trial court settled and allowed the same as so stipulated. A motion for a new trial was denied, whereupon judgment was entered for the plaintiff.

A preliminary motion is made in this Court to strike the statement of the case, and the printed abstract thereof, from the record, upon the ground that "there has been an utter disregard of all statutes or rules of this Court in the preparation of the statement of the case and abstract in this case." An inspection of the record discloses that the appellant's printed abstract filed with the clerk of this Court embraces a literal copy of the statement of the case, without any attempt therein to reduce the evidence to a narrative form, or otherwise to condense the evidence, or to abridge the proceedings had at the trial, as such evidence and proceedings were preserved in the stenographic minutes of the trial. The statement of the case on file contains all the evidence introduced at the trial, together with all objections, rulings, and exceptions taken at the trial, as the same were preserved and written out by the official stenographer. No attempt was made in said statement to state only the substance of the reporter's notes; nor did the Court below strike out certain redundant and useless matter from the statement of the case, or any part thereof; nor was the matter embodied in the statement of the case, or any part thereof, reduced to a narrative form, or otherwise abridged, as required in jury cases by section 5467 of the Revised Codes and by rule 13 of the rules of this Court (6 N. D. xviii). See *Elton* v. *O'Connor,* 6 N. D. 19, 68 N. W. Rep. 84. The book denominated an "abstract" contains 214 printed pages. Enough has been said by way of description to show that the statement of the case as settled below, and the printed book called an "abstract" and filed as appellant's abstract of the record, are severally framed in open disregard of the statutes and rules of this Court governing their preparation, and which have, in substance at least, been in force ever since this Court was organized, and have been repeatedly applied and enforced by the decisions of this Court. It is true with respect to the statement of the case that the same was settled and allowed by the trial court in accordance with an agreement thereto made by counsel, but no agree-

ment of counsel was stipulated as to the form or substance of the abstract. But the method of preparing statements and abstracts cannot, in this jurisdiction, be left either to the trial court or the amicable agreements made for the convenience or at the caprice of counsel. The record and the abstract, respectively, have been the subjects of legislation and court rules, and their form, preparation, and constituent parts are vital matters of practice governing new trials and appeals to this Court. The record and the abstracts are mere duplicates, 'and are nothing less than a rescript of the reporter's notes of the evidence taken, and proceedings had, at the trial, and as such, as has been seen, are in violation of both the statute and rules of this Court. The motion is granted, and the statement and abstract will be stricken from the files. The other judges concurring.