(108 N. W. 243.)

---

CLAUS JACKSON v. ISAAC ELLERSON, DEFENDANT, AND ANNA ELLERSON, INTERVENER.

Opinion filed June 5, 1906.

**Appeal — Review — Specification of Error of Law.**

　　1. Section 5467, Rev. Codes 1899 (section 7058, Rev. Codes 1905), makes it essential to a review of errors of law occurring at the trial of a law action that they shall be specified in the statement of case.

**Same.**

　　2. The same section requires, as a prerequisite to a review of a specification that the evidence is insufficient to justify the verdict or other decision, that it shall point out the particulars in which it is claimed to be insufficient.

Appeal from District Court, Griggs county; *Winchester, J*

Action by Claus Jackson against Isaac Ellerson, Anna Ellerson intervened. Judgment for defendants, and plaintiff appeals.

Affirmed.

*M. C. Spicer* and *Jerome Parks,* for appellant.
*Lee Combs,* for respondents.

YOUNG, J. This is an action in claim and delivery, brought by plaintiff against the defendant, Isaac Ellerson, to recover certain grain grown in 1904. The plaintiff's right to possession is based upon a certain chattel mortgage executed by the defendant. The plaintiff executed an affidavit and undertaking and a requisition to the sheriff, pursuant to which the latter seized 1,230 bushels of wheat, which was subsequently delivered to the plaintiff and sold by him. Anna Ellerson, the wife of the defendant, intervened in the action, alleging that she has been the owner of the land upon which the grain was grown ever since November 19, 1903; that she was the sole owner of the crop grown in 1904, being the grain in controversy, and that the wheat seized by the plaintiff was of the total value of $1,200. By stipulation the case was tried to the court without a jury. The court found for the intervener—that she was the owner of the grain and that it was of the value of $1,148.16—and judgment was entered against the plaintiff and in her favor for that sum. The plaintiff caused a statement of case to be settled, and appealed from the judgment.

We find upon turning to the record that we are unable to review any of the seven assignments of error in appellant's brief. Six of them are directed to the findings of fact, and are in form and substance like the first one, which is as follows: "The court erred in making the fourth finding of fact, and each and every fact, and the whole thereof, for the reason that the same is not sustained by the evidence." The specifications of error in the statement of case are in the same form. No attempt was made in any of them to point out the particulars in which it is claimed the evidence is insufficient to sustain the finding. The remaining assignment is "that the court erred in not granting plaintiff's motion at the close of the trial. * * *" This alleged error is not specified in the statement of case, at all. Under these circumstances it is apparent that the record does not authorize a review of the questions attempted to be raised by the assignments. Section 5467, Rev. Codes 1899 (section 7058, Rev. Codes 1905), which governs the

settlement of statements in law actions, provides, among other things, that "there shall be incorporated in every such statement a specification of the particulars in which the evidence is alleged to be insufficient to justify the verdict or other decision, and of the errors of law upon which the party settling the same intends to rely. If no such specification is made the statement shall be disregarded on motion for a new trial and on appeal. * * *" The requirement that errors shall be assigned in the appellant's brief rests upon the rules of court, but the requirement that they shall be specified in the statement of case is statutory; and this is true as to the requirement that, when the verdict or decision is challenged because of the insufficiency of the evidence, the particulars in which it is claimed to be insufficient must be pointed out. The failure of the appellant to comply with these plain provisions of the statute is fatal to the review which he seeks. The findings of fact fully sustain the conclusions of law and judgment.

It follows that the judgment must be affirmed. All concur.