## JAMES SMITH v. PAUL KUNERT.

Opinion filed March 3, 1908.

**Appeal — Statement of Case — Transcript of Testimony.**

1. The statement of the case contains a literal transcript of the testimony taken and reported by a referee to the district court, without any attempt to condense or eliminate immaterial matter. *Held,* following the rule announced in prior decisions of this court, that such practice is a plain violation of section 7058, Rev. Codes 1905, as well as rule 7 of this court, and does not constitute a statement of the case.

**Same — Specifications of Error — Finding of Referee.**

2. Certain specifications of error relating to the findings of the referee are *held* insufficient under the statute and rule aforesaid, for the reason that no attempt is made to specify wherein the evidence was insufficient to support the findings complained of.

**Same — Assignments of Error.**

3. Appellant's assignment of error, based upon rulings and findings of the referee, are not considered, for the reason that the statute and rule above mentioned have not been complied with.

**Compulsory Reference — Failure to Object.**

4. Under the provisions of sections 7046 and 7047, Rev. Codes 1905, a compulsory reference cannot be ordered without the written consent of the parties, unless the case comes within the provision of the latter section. Mere silence or failure to object or except to the order will not constitute a waiver of a party's constitutional right to a trial by jury.

**Same — Constitutional Law — Right to Jury Trial.**

5. Subdivision 1, section 7047, Rev. Codes 1905, is not in conflict with section 7 of our state constitution, which provides that "the right to trial by jury shall be secured to all and remain inviolate." The right of trial by jury as thus guaranteed refers to such right as it existed by law at and prior to the adoption of the constitution.

**Reference — Long Account.**

6. Under the issues as framed by the pleadings in this case, it is *held* that the trial thereof involved the examination of a long account, within the meaning of section 7047, Rev. Codes 1905, and hence that the order of reference was properly made.

Appeal from District Court, Foster county; *Burke, J.*

Action by James Smith against Paul Kunert. Judgment for plaintiff, and defendant appeals.

Affirmed.

*J. A. Dwyer* and *Chas. E. Wolfe,* for appellant.

The right of trial by jury means the right as at common law, unless modified by custom, usage or statute. Barry v. Truax, 13 N. D. 131, 99 N. W. 769.

Law authorizing reference, without consent of party, whether a long account is to be taken or not, is unconstitutional. Grim v. Norris, 19 Cal. 140; Benham v. Rowe, 2 Cal. 261; McMartin v. Bingham, 27 Iowa 234; Blair Town Lot Co. v. Walker, 50 Ia. 376; Burt v. Harriah, 22 N. W. 910; Whallon v. Bancroft, 4 Minn. 95; St. Paul Railway Co. v. Gardner, 19 Minn. 132; Mills v. Miller, 3 Neb. 87; LaMaster v. Scofield, 5 Neb. 148; Kinkaid v. Hiatt, 39 N. W. 600; Johnson v. Wallace, 7 Ohio 62; Averill Coal & Oil Co. v. Verner, 22 Ohio St. 372.

Whether reference is authorized is determined by character of plaintiff's claim, not by the issue, or defendant's answer. Gopsill v. Harvey 34 N. J. L. 435; Ludlow v. American National Bank, 59 Barber (N. Y.) 509; Childs v. Mayer, 52 Hun. 537; Betcher v. Granc County, 68 N. W. 163; Kelly v. Oksall, 97 N. W. 11; Ewart v. Kass, 95 N. W. 915.

Necessity of examination of a long account must appear from the pleadings. Betcher v. Grant County, 68 N. W. 163; Ewart v. Cass, supra; Kelly v. Oksall, supra.

Failure to object to reference does not waive right to jury trial. Hanson v. Carlblom, 13 N. D. 361, 100 N. W. 1084; Twp. of Noble v. Aasen, 10 N. D. 264, 86 N. W. 742.

*Parks & Olsberg,* for respondent.

The case, not involving a long account on either side, was not one for reference. Townsend v. Hendricks, 40 How. Pr. 143; Welsh v. Darrah, 52 N. W. 590; Untermeier v. Beinhauer, 11 N. E. 847; Steck v. Colorado Fuel & Iron Co., 37 N. E. 1; Cassidy v. McFarland, 139 N. Y. 201; Randall v. Kingsland, 53 How. Pr. 512; Martin v. Gould, 13 Civ. Proc. R. 45; Hale v. Swinburne, 17 Abb. N. C. 381; Nachtstein v. Turner, 36 N. W. 637.

Nor where accounts are collaterally and incidentally involved. Kain v. Delano, 2 Abb. Prc. 29; Ronalds v. Mechanics Bank, 37 N. Y. Super. Ct. 208; Camp v. Ingersoll, 86 N. Y. 433; Keller v. Paine, 51 Hun. 316; Doyle v. Metropolitan El. R. R., 32 N. E. 1008.

The account was sufficiently long to warrant a reference. Sutton v. Wegner, 43 N. W. 167; Nachtstein v. Turner, supra, La Cour-

sier v. Russell, 52 N. W. 176; Chicago & N. W. R. Co v. Faist, 58 N. W. 744; Priest v. Varney, 25 N. W. 551; Briggs v. Hils, 48 N. W. 800; Monitor Iron Works Co. v. Ketchum, 2 N. W. 80; Rolling Stock Co. v. Johnston, 30 N. W. 211.

Literal copy of testimony not reduced to narrative form in referee's report, and in statement of case, precludes consideration by the court. Sup. Ct. Rule No. VII, Rev. Codes 1905, Sec. 7058. Thuet v. Strong, 7 N. D. 565, 75 N. W. 922.

Specifications of error failing to indicate wherein evidence is insufficient, are not sufficient. Sec. 7058, Rev. Codes 1905; Supreme Court Rule No. VII; Hostetter v. Brooks Elevator Co., 4 N. D. 357, 61 N. W. 49.

FISK, J. This appeal is from a judgment of the district court of Foster county, and comes to this court for review of alleged errors of law. A so-called statement of case was settled, embracing 34 specifications of error, and appellant's counsel have assigned 30 of such alleged errors in their printed brief upon which they rely for a reversal of the judgment. The practice pursued by appellant's counsel in the preparation of the statement of the case discloses a most flagrant violation of the statute and rules of this court governing the same. The case was tried before a referee, and the statement of case contains a literal transcript of the testimony taken and reported to the district court, without any attempt to condense or eliminate immaterial matter. That such procedure is not permissible, and that such a document does not constitute a statement of the case, in an action such as this, clearly appears from a reading of section 7058, Rev. Codes 1905, and rule 7 of this court. See opinions of Wallin, J., in Thuet v. Strong, 7 N. D. 565, 75 N. W. 922, and McTavish v. G. N. Ry. Co., 8 N. D. 94, 76 N. W. 985.

The so-called specifications of error, numbered 24 to 29 inclusive, are also clearly insufficient under the statute and rule above mentioned, for the reason that no attempt is made to point out wherein the evidence was insufficient to support the findings complained of. Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241. We deem it unnecessary to add anything to what was said in the previous opinions of this court in said cases. The requirements, both of the state and of the rule aforesaid, are plain, and must be observed. For the foregoing reasons we decline to notice any of appellant's assignments of error based upon rulings and findings made by the referee, and will dis-

pose of those relating merely to the validity of the order of the district court in referring the issues to a referee.

Appellant's counsel contend, first, that the issues were such that appellant had a constitutional right to a jury trial in the absence of an express waiver thereof; and, second, that the case is not one involving the examination of a long account upon either side, within the meaning of our statute, and hence that the order of reference was in any event improvidently issued. The provisions of our code relating to the power of courts to order references are contained in sections 7046 and 7047, Rev. Codes 1905, and, so far as material to the questions here involved, are as follows:

"Sec. 7046. All or any of the issues in an action whether of fact or law, or both, may be referred by the court or judge thereof upon the written consent of the parties.

"Sec. 7047. When the parties do not consent to the reference, the court may, upon the application of either party, or of its own motion, direct a reference in the following cases: (1) When the trial of an issue of fact will require the examination of a long account on either side, in which case the referee may be directed to hear and decide the whole issue or to report upon any specific question of fact therein. * * *"

It is apparent, from the language of these sections above quoted, that without the written consent of the parties, and none appears in this case, a court is powerless to order a reference, except pursuant to the provisions of section 7047. Mere silence or failure to object or except to the order will not constitute a waiver of a party's constitutional right to a trial by jury. Township of Noble v. Aasen, 10 N. D. 264, 86 N. W. 742; Hanson v. Carlblom, 13 N. D. 361, 100 N. W. 1084. By what we have above stated we do not wish to be understood as holding that a party may not by his conduct become estopped to challenge the validity of such an order; but we hold that, under the facts appearing in the record in this case, the order must be sustained, if at all, upon the ground that the trial required the examination of a long account, and this brings us to a consideration of appellant's first contention, which is, in effect, that subdivision 1 of section 7047, in so far as it authorizes compulsory references in actions such as this, is in conflict with section 7 of our state constitution, which provides that "the right to trial by jury shall be secured to all and remain inviolate."

We think there is no merit in this contention. The meaning of this important provision contained in our organic law was authoritatively, and no doubt correctly, settled by this court in Barry v. Truax, 13 N. D. 131, 99 N. W. 769, 65 L. R. A. 762, 112 Am. St. Rep. 662. In an exhaustive opinion upon the subject, by Young, C. J., reviewing and citing numerous authorities, the conclusion was reached that the framers of the constitution intended by the adoption of said provision to preserve and perpetuate the right of trial by jury as it existed by law at and prior to the adoption of the constitution. We quote in part as follows: "The constitution refers to 'the right of trial by jury' as a right well known and commonly understood at the time of its adoption, and it is the right so understood which is secured by it.  *  *  *  It is entirely clear, therefore, that the right of trial by jury, which is secured by the constitution, is the right of trial by jury with which the people who adopted it were familiar, and that was the right which had obtained a fixed meaning in the criminal jurisprudence of the territory, as defined by the statutes which existed prior to and at the time of the adoption of the constitution." At the time the constitution was adopted, and for some time prior thereto, a territorial statute (chapter 112, p. 151, laws 1889) was in force authorizing compulsory references in actions the trial of which involved examination of a long account upon either side, and we think it plain that the practice as thus established was not intended to be interfered with by the adoption of the constitutional provision aforesaid. This territorial statute has been continued in force ever since statehood, and is now embraced in section 7047, Rev. Codes 1905, and during all this time no attack upon its constitutionality, other than the present one, has been made in the courts of this state so far as we are aware, and the same has therefore become firmly settled as a rule of practice in our courts. In the light of these facts we would feel very reluctant to declare the same unconstitutional in any event; but, as before stated, we are convinced that section 7 of our constitution should be construed in the light of the existing practice as established by law at the time of its adoption, and, as thus construed, the statute in question is constitutional. Appellant's counsel have called to our attention numerous authorities from other states holding similar statutes void under constitutional provisions very similar to section 7 of our constitution; but in most, if not all, of these cases it will be found upon examination that the statute in question was not in force at the time

of the adoption of the constitution, but was enacted subsequently, and hence these decisions are not in point. As sustaining our views, see, also, 17 Enc. Pl. & Pr. 94, and cases cited; Tinsley v. Kemery, 170 Mo. 310, 70 S. W. 691; Salem Traction Co. v. Anson, 41 Or. 562, 67 Pac. 1015, 69 Pac. 675, and Board of Supervisors of Dane County v. Dunning, 20 Wis. 210, and cases cited.

But counsel for appellant contend that, even though the statute aforesaid be held constitutional, still the order of reference must be held to have been improperly made, for the reason, as claimed, that the trial of the issues of the case at bar did not require the examination of a long account, or any account, upon either side, within the meaning of the statute, and further, that the question as to whether the issues were properly referable must be determined by the character of the plaintiff's claim, and not by the issue made upon it, nor by the nature of the defendant's answer. In this we think counsel are clearly in error. If there ever was a case the trial of which required the examination of a long account on either side, this is certainly such a case, as a mere cursory examination of the pleadings will disclose. The issues framed by the pleadings are very numerous, involving many dealings between the parties growing out of farming transactions under a contract under which the plaintiff farmed certain lands for the defendant; also growing out of sales of personal property of various kinds and at various dates, and for work, labor, and services performed by plaintiff for defendant; also for numerous items or claims for money advanced to and paid out and expended at various dates by each party at the request of and for the benefit of the other. Numerous causes of action set forth in the complaint, as well as those set forth in various counterclaims contained in the answer, are all for the recovery of money upon the contract, and some of the causes of action embrace many separate items of account, all of which are denied by the opposite party. Both the complaint and the answer clearly disclose upon their face a proper case for a reference and accounting between the parties. In fact, the issues are such as to render it practically impossible for a jury to intelligently try and determine the same. That the case was one eminently proper to be referred is, we think, too plain for discussion. As supporting our view, see 17 Encyc. Pl. & Pr. 996 et seq. and numerous cases cited; Sutton v. Wegner, 74 Wis. 347, 43 N. W. 167; Turner v. Nachtsheim, 71 Wis. 16, 36 N. W. 637; La Coursier v. Russell, 82 Wis. 265, 52 N. W. 176; Chicago, etc., Ry. Co. v. Faist,

87 Wis. 360, 58 N. W. 744; Ittner et al. v. St. Louis Exposition, 97 Mo. 561, 11 S. W. 58; People v. Peck et al., 57 How. Prac. 315; Spence v. Simis, 137 N. Y. 617, 33 N. E. 554; Salem Traction Co. v. Anson, 41 Or. 562, 67 Pac. 1015, 69 Pac. 675; Lewis v. Snook, 88 App. Div. 343, 84 N. Y. Supp. 634; Haig v. Boyle et al., 20 Misc. Rep. 155, 45 N. Y. Supp. 816.

For the reasons above given, the judgment appealed from is affirmed. All concur.

## ON PETITION FOR REHEARING.

The petition for rehearing is denied, but in denying the same we desire to say that we do not wish to be understood, by the foregoing opinion, as holding that this court will not for good cause shown, and in furtherance of justice, and upon such terms as may be just, consider errors, although embraced in a statement of the case prepared in utter disregard of the Code and rules of this court. We wish also to say that since the filing of such petition for rehearing, and in order to obviate the possibility of a miscarriage of justice in the case, we have carefully considered the other assignments of error, and fail to see how appellant is prejudiced by any ruling of the referee. We will briefly notice such rulings.

The fifth assignment relates to the ruling of such referee in overruling defendant's objection to the following question asked the witness Hugh Smith: "As such constable you served upon the agent of the Soo Railway Company at Kensal, N. D., a subpoena in the case of Smith v. Kunert, requiring the agent of the aforesaid Soo Railway Company to appear and testify in said cause before the referee appointed by the judge of said court on the 15th day of May, 1905, at the hour of 2 o'clock p. m., to testify in said cause on part of the plaintiff?" The objection was as follows: "Objected to on the ground that it is incompetent, improper, and immaterial, and not the best evidence; the return of the officer on the subpoena being the best evidence." Such ruling was clearly proper. The question was merely preliminary, and, furthermore, was not objectionable upon any ground.

Assignment No. 6 challenges the ruling refusing to strike out the answer of the witness Olander to the question: "You may refresh your memory from such memoranda, and tell the court how many cars were shipped, giving the numbers of the cars, and the

date of shipment, and the weight of each." This question was not objected to, and was clearly competent. After the witness had fully answered the question, he was asked: "Are you sure that this was all the grain shipped through the Soo Railway Company by the defendant in 1904?" to which the witness answered in the affirmative. Such witness thereafter volunteered the information that the cars overrun at least 3,000 pounds to the car; but later on the witness without objection stated the source of his information to be the weights taken by the company and upon which the charge for freight was made. There was no error in such ruling.

The next assignment relates to the ruling of the referee in permitting the witness Olander to answer, over the objection of defendant, the question: "Are you willing that C. W. McDonald should refresh his memory from the books in your office concerning these shipments for the purpose of testifying thereto; he having made entries therein?" The objection to this question was clearly frivolous, and we fail to see how such ruling could possibly have constituted prejudicial error. The same is true regarding the next assignment, being No. 8.

Assignment No. 9 is predicated upon the refusal to strike out the testimony of the witness Ayers on motion of the defendant. This witness was called for the purpose of proving that he met plaintiff, Smith, during the latter part of the fall of 1903 or the fore part of 1904, at Kensal, on his return from Hankinson, and that he was intoxicated. We are unable to perceive how such ruling was error.

The tenth assignment is clearly frivolous, and is predicated upon the ruling in permitting the plaintiff, Smith, to state that he sold Mr. Kunert a farm during 1903 or the fore part of 1904. The objection was that the testimony was incompetent and immaterial, and not tending to prove or disprove any of the facts at issue. It needs no argument to prove the correctness of such ruling, and, if it was immaterial, as claimed, it certainly could not have been prejudicial.

The eleventh assignment is predicated on the ruling in permitting the plaintiff to answer the following question: "And what share of the crop were you to receive, and what were you to do to get that share?" The objection to this question was well taken, and should have been sustained, as it called for proof of the contents of the written lease; and the same is true of assignment No. 12.

But such rulings, although erroneous, are not shown to have been prejudicial, and the burden is, of course, upon the appellant to show prejudice. It does not appear that plaintiff's answers to these questions were not strictly in accordance with the written lease.

The next assignment relates to the ruling of the referee in overruling defendant's objection to, and denying his motion to strike out, the answer of the plaintiff to the question: "And there was due on the contract for sale $800?" What we said regarding the last two assignments applies equally to this. No prejudicial error is shown in such ruling.

Assignment No. 14 challenges the correctness of the ruling in permitting plaintiff to answer the following question: "What, if anything, did Mr. Kunert agree to pay you for your interest in this quarter section of land?" The objection was that the same was not the best evidence; but by the following question and answer it appears that the assignment of the contract was not in writing. Hence no error was committed in this ruling.

The next assignment is clearly frivolous; and it is unnecessary for us to notice the remainder of the assignments, as they are also clearly frivolous.