## PETER BERTELSON v. PETER EHR.

Opinion filed April 22, 1908.

**Appeal — Statement of the Case — Specification of Error.**

1. Under section 7058, Rev. Codes 1905, it is essential to a review of errors of law occurring at the trial of a law action that they shall be specified in the statement of case.

**Same.**

2. Counsel, in the preparation of the so-called statement of case, not only violated the provisions of the above section, but they failed to comply with rule 7 of the Supreme Court (91 N. W. vi), which requires the evidence to be set forth in narrative form. For these reasons the statement of case must be disregarded on appeal.

Appeal from District Court, Ward County; *Goss, J.*

Action by Peter Bertelson against Peter Ehr. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Le Sueur & Bradford,* for appellant.
*Joseph Denoyer* and *Noyes & Sutton,* for respondent.

FISK, J. Plaintiff recovered judgment in the court below for the sum of $500 and costs, said sum being the amount of damages awarded by the jury for the alleged breach of a contract for the sale and delivery of a stock of merchandise, to reverse which judgment this appeal is prosecuted.

Appellant's counsel have set forth in their printed brief 31 alleged specifications of errors of law upon which they intend to rely in this court for such reversal. These so-called specifications of error all relate to rulings upon the trial in the admission and rejection of testimony, and in refusing to strike out certain testimony; also, in denying defendant's motions for a dismissal of the action, and for a directed verdict; also, rulings in giving certain instructions, and in refusing to give certain requested instructions, asked by defendant. None of the matters embraced in these so-called specifications of error can be considered by us, as such specifications are not incorporated in the settled statement of the case as required by law. Section 7058, Revised Codes 1905, expressly provides: "There shall be incorporated in every such statement a specification of the particulars in which the evidence is alleged to be insufficient to justify the verdict or other decision, and of the errors of law upon which the party settling the same intends to rely. If no such specification is made the statement shall be disregarded on motion for new trial and on appeal. * * *" As said by this court in

Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241: "The requirement that errors shall be assigned in the appellant's brief rests upon the rules of court, but the requirement that they shall be specified in the statement of case is statutory; and this is true as to the requirement that, when the verdict or decision is challenged because of the insufficiency of the evidence, the particulars in which it is claimed to be insufficient must be pointed out. The failure of the appellant to comply with these plain provisions of the statute is fatal to the review which he seeks." This court has, in many cases, too numerous to mention, had occasion to call attention to this statutory rule, and its inability to review alleged errors in the absence of a compliance with said statute. We have searched the printed record in vain for such specifications. Appellant's counsel have not only ignored said statute in the preparation of the statement of case but they have flagrantly violated rule 7 of this court (91 N. W. vi), which requires the evidence to be reduced to a narrative form.

For the foregoing reasons we are obliged to entirely disregard the so-called statement of case, and, finding no error upon the face of the judgment roll as contained in the printed abstract, it necessarily follows that the judgment appealed from must be affirmed, and it is so ordered. All concur.