(116 N. W. 348.)

---

JOHN BUCHANAN, SR., v. THE MINNEAPOLIS THRESHING MACHINE COMPANY.

Opinion filed April 22, 1908.

**Warranty — Waiver of Notice — Defect in Machinery.**

1. The mere fact that a notice of the failure of a machine to work as warranted is not given in the manner prescribed by the written warranty or is not given at all is of no avail as a defense, where the company to whom such notice is to be given acts under some notice given under the warranty, and sends an expert to examine the machine, and does everything that it could have done had. such notice been properly sent.

**Trial — Evidence — Form of Objection.**

2. An objection that certain evidence called for by a question is incompetent, irrelevant and immaterial is too general ordinarily, and is for that reason no objection at all, so far as the objecting party is concerned.

**Instruction — Comments of Judge.**

3. The trial court gave as part of an instruction the following language: "The contract will be sent to the jury box with you, gentlemen, and you can wrestle with it at your pleasure. I cannot read it in the present light." *Held,* not an unfavorable comment on the contract as having been printed in small type.

**Same.**

4. The charge of the trial court should be considered in its entirety, and error cannot be predicated on parts thereof, where the charge as a whole is not subject to the objection made to a part thereof.

**Appeal — Objections to Evidence.**

5. An objection to evidence based on the lack of a pleading to support it cannot be made for the first time in the Supreme Court.

Appeal from District Court, Foster County; *Burke*, J.

Action by John Buchanan against the Minneapolis Threshing Machine Company. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Turner & Wright,* for appellant.

Failure to give notice of breach of warranty, according to contract, precludes recovery for such breach. Minn. Thresher Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; Minn. Thresher Co. v. Hanson, 3 N. D. 81, 54 N. W. 311; James v. Bekkedahl, 10 N. D. 120, 86 N. W. 226; Fahey v. Esterly Machine Co., 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554; J. I. Case T. M. Co. v. Ebbighausen, 11 N. D. 466, 92 N. W. 826; J. I. Case T. M. Co. v. Balke, 15 N. D. 206, 107 N. W. 57.

Notice must advise of all breaches. Trapp v. New Birdsall Co., 75 N. W. 77, 85 N. W. 478.

Disparaging remarks of court upon evidence is error. Chicago v. Spoor, 60 N. E. 540.

The court in stating testimony to a jury must deal fairly with evidence of both parties. Harriott v. Holmes, 79 N. W. 1003; Goodhue Framers' Warehouse Co., v. Davis, 83 N. W. 531; Argbright v. State, 69 N. W. 102; Chapman v. State, 86 N. W. 907; Bush v. Wilcox, 46 N. W. 940; Dawson v. Boat Club, 84 N. W. 618.

*T. F. McCue* and *S. E. Ellsworth,* for respondent.

Where a party acts upon a notice, he admits and waives its service. Davis & Sons v. Robinson, 67 Iowa, 355; Thresher Co. v. Kennedy, 34 N. E. 856; Davis & Sons v. Butrick, 68 Iowa, 94; Dean v. Nichols Shepard Co., 95 Iowa, 94.

The general objection "incompetent, irrelevant and immaterial" is sufficient to point out the ruling desired. Kolka v. Jones, 6 N. D. 461, 71 N. W. 558.

MORGAN, C. J.   This is an action for damages based upon the following facts as set forth in the complaint: That on the 15th day of July, 1899, plaintiff purchased from the defendant one Minneapolis threshing separator with attachments, and agreed to pay therefor the sum of $850, and that, pursuant to the sale of said separator and the terms of the contract, the plaintiff executed and delivered to the defendant his promissory note dated August 24, 1899, for $850, due November 1, 1899, with 7 per cent interest from date; that said separator was sold under an express warranty, whereby the defendant agreed and warranted that the separator was well made of good material, and that when said machinery was properly operated by competent persons it would do the work for which the same was intended as well as any machinery of the same size manufactured in the United States, and that, if the same did not do the work for which it was intended as well as any other machinery, the defendant would make the same fill such warranty, and that upon failure to do so the plaintiff might return said machine to the defendant; that the separator did not work in accordance with said warranty, for the reason that the same was not made of new materials, and that the separator was old and badly damaged machinery painted and fixed up and repaired to represent new machinery; that upon the failure of said separator to do the work as warranted the plaintiff immediately gave notice of that fact to the defendant as provided for in said warranty, and that in pursuance of such notice the defendant sent an expert to fix said machine, and that the said expert failed to make said machine work, and that in consequence of such failure the plaintiff rescinded the contract and returned the machine to the defendant at the place specified in the warranty, and afterwards gave the defendant notices in writing of the return of said machine and demanded from the defendant the return of the purchase price; that the defendant failed to return the plaintiff's note, but on the contrary sold and transferred the same in due course of business to one Lane, and that said Lane brought an action against the plaintiff upon said note and recovered judgment against the plaintiff for damages and costs amounting to the sum of $1,022.12, which said sum the defendant paid on the 23d

day of November, 1901. The plaintiff demands judgment against the defendant for the said sum of $1,022.12, with interest thereon at the rate of 7 per cent per annum from the 23d day of November, 1901. The answer is a general denial, and in addition thereto it alleges that the plaintiff failed to comply with the terms of the written warranty, and in consequence thereof is not entitled to any damages on account of the alleged breach of the warranty of said machinery. The jury found in favor of the plaintiff for the sum of $850, with interest at 7 per cent thereon from the 24th day of August, 1899. A motion for a new trial was made by the defendant and denied, and judgment was thereafter entered on said verdict, from which the defendant has appealed.

It is claimed that no sufficient foundation was laid for the introduction of secondary evidence of the contents of a notice claimed to have been sent by the plaintiff to the defendant that the machine had failed to work according to the warranty contract. The plaintiff demanded the production of the notice from the defendant at the trial, and defendant's counsel then stated that no such notice was in defendant's possession or had been received by it. Thereupon the court permitted plaintiff to show by oral evidence what the contents of the notice were. The objection to such evidence was that no sufficient effort had been shown to find the copy that had been retained by plaintiff. The precise objection was that no inquiry had been made of the person with whom the notice had been left about five years previous to the trial. Said person had been dead about three years prior to the trial. If there was a waiver of the giving of this notice by the acts of the company itself through its authorized agents, then the question of the giving of the notice became immaterial, and the admission of such evidence, if erroneous, would be without prejudice. We are of the opinion that the authorized representatives of the company responded to some one of the notices claimed to have been given by mail or delivered personally under the contract, and the fact whether sufficient foundation was laid for secondary evidence of the contents of the notice that was claimed to have been mailed could not be urged by the company in view of its response to some notice. The general agent of the defendant company was a witness at the trial, and was interrogated at considerable length in reference to the circumstances under which the expert Foster appeared and tried to make the machine work as warranted. It appears as undisputed that Foster

was a regular expert in the employ of the defendant. We think it has been shown, and that it is the only proper inference from the general agent's entire evidence, that the expert was instructed from the general office to attend to this machine pursuant to notice of some kind from the plaintiff. He says that he knew of an expert coming to Carrington to look after this machine, and that he came with instructions from the home office. He was asked: "Do you know of an expert coming here to Carrington to look after this machine? A. I did. * * * No; I was not acquainted with him. I do not believe I ever saw him but once at the factory. He came with instructions from the home office. Q. You said he came with some instructions from the home office? A. I can't say he came with any particular instructions from the home office. I presume he did; but do not know from my own knowledge." He was further asked: "Do you know if Mr. Foster came here to look after this machine as a result of information which the home office had received at that time or thereabouts?" He answered: "All I know is what I presume about that. That was taken up direct with him. He had no instructions from me. Q. Did you learn from your conversation with the manager or general agent at the home office in any way that this expert had been sent at that time from the home office? A. I learned that he was here. I learned this through the home office and through him both." On cross-examination he stated: "I mean that Mr. Foster was one of the men who was through this territory experting on threshing machines, and I afterwards learned that while he was here he had called on this machine and had experted on it." While this evidence is in some respects unsatisfactory and evasive, there is no doubt about the expert having come to Carrington with instructions from the home office, and the witness first testifies that he came there to look after this machine. Although this statement was subsequently modified, we think that this testimony, read in connection with the following testimony of the plaintiff, show that the expert came there with instructions from the main office in respect to this machine. The plaintiff says: "He came on the 18th day of September. He was the first expert that was sent there. I know where he went after he came to Carrington. Mr. Faxon [the company's local agent] and I met him at the depot, and I took him to the store and we got in a rig and went right to the machine. Q. He was one of the experts sent by the company? A. Yes, sir; he showed us a letter to that effect." This

testimony fully negatives the contention that the expert was a mere volunteer without authority from the company, and is ample to sustain a verdict that the expert acted under direct authority from the company. Whether the proof shows that plaintiff made diligent effort to find the notice left with Judge Rose therefore becomes immaterial, as there was a clear waiver of the notice. The object in giving the notice was attained, and, having done everything that it could have done had the notice been given, the company was not prejudiced, and cannot now be heard to claim that no notice was given. That a company may waive the giving of notices provided for in similar contracts is conceded, and the rule is fully recognized by this court. Fahey v. Machine Co., 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554; Manufacturing Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; J. I. Case Co. v. Ebbighausen, 11 N. D. 466, 92 N. W. 826. See, also, Briggs et al. v. Rumely Co., 96 Iowa, 202, 64 N. W. 784.

The defendant insists that the plaintiff cannot be heard to assert that there has been a waiver of the conditions of the warranty as to notice for the reason that no such fact was alleged in the complaint. Whether a waiver in such cases must be alleged before a party is entitled to prove that fact we are not called upon to decide in this case, and we express no opinion on that point. It is sufficient for the purposes of this case to say that no sufficient objection to this evidence was made or suggested at the trial. It is raised for the first time in this court, and it comes too late. We have recently held that before a want of a pleading in such cases can be urged against the admissibility of evidence in this court the record must show that the evidence was objected to at the trial by an objection sufficiently specific to call the trial court's attention to the absence of appropriate pleading. Aber v. Twichell, 17 N. D. 229, 116 N. W. 97.

The separator was warranted to "do the work for which it was intended as well as any machinery of the same size manufactured in the United States" when operated by competent persons in accordance with the printed rules and directions of the manufacturer. This separator was equipped with a 40-62 inch cylinder, and was operated by the plaintiff with an 18 horsepower Buffalo Pitts engine bought in 1885. Expert witnesses were permitted to state their opinions after having seen the separator at work as to whether it did the work for which it was intended as well as other separators which the witnesses were familiar with the working of, without

any showing as to the size and capacity of the engines that furnished the power in those other instances. It is also claimed in this court that these opinions should not have been admitted, because in some instances the separators were not equipped with self-feeders and swinging stackers and were smaller machines. The theory of these contentions is that the failure of the separator to work may have been due to lack of power, and that expert opinions are inadmissible unless based on facts similar as to the size of the separator and capacity for power in the engine with the working of which the one in suit is compared. We do not think that the appellant has presented to us a record which entitles it to raise that question in this court for the first time. These questions were all objected to, but the objections cannot be held to properly suggest the objection that is insisted on now. To the following question: "Now state in reply to your observation of this machine as well as with your experience in operating both, did this Minneapolis separator do its work as well as that machine?"—the objection interposed was: "Objected to as incompetent, irrelevant, and immaterial, calling for a conclusion of the witness and not a statement of a fact, and the witness has not shown himself competent to answer." Nowhere does the record show that the precise point now urged as making the question objectionable was suggested or raised by an objection. Since the decision of Kolka v. Jones, 6 N. D. 461, 71 N. W. 558, 66 Am. St. Rep. 615, this court has followed the rule there adopted that an objection to a question as incompetent, irrelevant, and immaterial is too general and does not advise the court or opposing counsel of the ground relied on, and that the ground must be specified, except in cases where the objection cannot possibly be obviated at the trial. In effect, such an objection is therefore, in cases like the present one, no objection at all. To one question asked of the witness Holcomb in reference to the sufficiency of the power generated by this engine to operate a Buffalo Pitts separator a proper objection was interposed, but after the ruling on the objection the witness testified to facts showing the conditions to have been substantially similar.

It is objected that the court erred in admitting Exhibit E in evidence. This exhibit is an entry made in plaintiff's daybook kept as a record of daily transactions in plaintiff's store. The objection to the evidence as now urged is that the memorandum was independent evidence of the contents of the notice claimed to have been sent to

the defendant of the failure of the machine to work, concerning which plaintiff had fully testified previously, and that it could at least be resorted to only to refresh the witness' recollection, and that it was simply a private memorandum not made in due course of business in a book kept for a particular business.  Without deciding whether the admission of the memorandum to prove the fact of mailing the contents of the notices was erroneous or prejudicial, we need only say that the objection made to the question at the trial was the general one that it was incompetent, irrelevant, and immaterial and was properly overruled.  The respondent now contends that the sole purpose of offering the memorandum in evidence was to establish the date of the notice.  Had the objection apprised respondent of the precise ground intended to be urged, the error, if any, could have been avoided.  Not having done this, we think that the particular objections now urged were waived.

The court charged the jury as follows: "The contract will be sent to the jury box with you, gentlemen, and you can wrestle with it at your pleasure"—and defendant has excepted to it, and urges that it was such a disparaging comment on the manner of printing the contract as necessarily would create in the minds of the jury an impression that the contract was of no importance, and that the court entertained an unfavorable opinion of it.  Immediately following the portion of the charge excepted to, the court added: "I am unable to read it in the present light."    We think the contention that the remark was prejudicial is entirely unfounded. There was not necessarily any reflection in these words against the contract, and it is entirely an erroneous conclusion to say that the contract was condemned by the court because printed in small type.   If true that this charge was inferentially a censure upon the manner of printing it, we could not say that it was prejudicial in view of the fact that the court had previously stated to the jury that the contract was a legal one, which the parties had a right to make and each party must comply with the terms thereof.

The appellant claims that the giving of the following instruction was erroneous and prejudicial: "In this case the testimony offered by the plaintiff is that the notice was sent within one week. If you believe that it was sent, as stated by the plaintiff, it will be compliance with that portion so far as time is concerned."  The objection urged against it is that it singles out the plaintiff's contentions on this point and is silent as to defendant's contention that

no such notice was ever sent. Undue prominence should never be given to what is claimed to have been done by one party without stating the contentions of the opposite party as to the same question. But we do not think that there was an entire deviation from that rule in this instance when the whole charge is read together. The stipulations or terms of the contract were fully stated to the jury, and they were told that each party was bound and required to live up to it. They were further instructed that, if plaintiff had done all of the things required by the contract and the machine failed to comply with the warranty, they should find for the plaintiff, and were thereafter instructed that, if they found from the evidence that plaintiff had not performed what was required of him by the contract, they should find for the defendant.

We think this sufficiently covers what is objected to in the quoted instruction and the one following objected to on the same ground. We think that it would be an unreasonable conclusion to say, in view of this language, that the jury was not instructed that, if the plaintiff failed to send the notice required by the contract within one week, he could not recover. Taking the charge on this subject in its entirety, there is no room for the contention that the court singled out plaintiff's evidence and omitted what was claimed by the defendant. The defendant requested no instructions to be given on its behalf to cover this phase of the case, and, in the absence of such request, there is no foundation to claim error. If the charge was too general in this respect, a request for a more specific statement of the defendant's claims as shown by the evidence would undoubtedly have been given.

No reversible error being shown, the judgment is affirmed. All concur.