WILLIAM O'KEEFE, JR. V. O. M. OMLIE, DEFENDANT, AND DAVID H. BEECHER, DEFENDANT AND APPELLANT.

Opinion filed April 30, 1908.

Rehearing denied July 25, 1908.

**Appeal and Error — Notice of Appeal — Service.**

1. Failure to serve notice of appeal by one defendant upon his codefendant, against whom the action was dismissed by the trial court, is not ground for dismissing the appeal on motion of plaintiff, when the appellant does not rely upon the dismissal as error, and the respondent has not appealed from the order or judgment of dismissal.

**Same — Statement of Case.**

2. Rule 7 of the Supreme Court (10 N. D. 41, 91 N. W. 6) is intended to facilitate the work of that court, and to aid litigants in pointing out and making clear the errors relied upon, and to relieve the court of the necessity of exploring the whole record.

**Same — Defective Statement.**

3. In the statement of the case no attempt is made to comply with the requirements of the rule above cited by reducing the testimony to narrative form, or to eliminate those parts having no bearing upon the decision of the case, and the specifications of error do not comply with the requirements of the rule, but are scattered throughout the proceedings wherever an exception was taken. For these reasons this court will disregard everything except the judgment roll.

**Same — Abstracts and Briefs.**

4. Rule 19 of this court (10 N. D. 52, 91 N. W. 11), prescribing the size of the page and method of binding typewritten abstracts and briefs, should be followed.

Appeal from District Court, Walsh County; *Goss,* Special Judge.

Action by William O'Keefe, Jr., against David H. Beecher. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Phelps & Phelps* and *John W. Ogren,* for appellant.
*DePuy & DePuy,* for respondent.

SPALDING, J. Defendant appeals from a judgmnet of the district court awarding plaintiff damages in the sum of $207.23, and costs. The action was brought by plaintiff against one Omlie and the appellant jointly for the recovery of damages for an alleged breach of contract. After all parties had rested, a motion

to dismiss the action as to defendant Omlie was granted, after which a verdict was rendered, and judgment entered against the appellant.

We first meet with a motion to dismiss the appeal. We see no merit in this motion. It is based on the ground that notice of appeal was not served upon Omlie. This was a matter which rested entirely with the appellant, Beecher. If he desired to protect his rights as against Omlie, and throw the burden upon him, he should have served notice of appeal on him; but the respondent cannot complain that he did not do so without himself appealing. Although he objected and excepted to the order, he has taken no appeal.

Rule 7 of the Supreme Court (10 N. D. 41, 91 N. W. 6), relating to the contents of the statement of the case, provides that: "If the evidence, or any part thereof, is embraced in the statement, it must be epitomized by excluding all superfluous matter and verbiage. The evidence shall be reduced to a narrative form except in those particulars in which a transcript of part of the stenographer's minutes becomes necessary to preserve the sense, or present the particular points of error. All superfluous matter, including all evidence not bearing upon the specifications, is required to be rigorously excluded. The stenographer's minutes of the trial, as settled and allowed, do not constitute a statement of the case, in this class of cases, within the meaning of the law, and will not be so regarded by this court." In this case, the abstract and briefs are typewritten, and the appellant makes no attempt to comply in good faith with the requirements which we have quoted. While there are portions of his abstract in which the evidence is given in narrative form, yet an examination shows that it is only a pretense, and that in effect there has been no reasonable attempt to comply with the rule. The respondent claims that material portions of the record have been omitted from appellant's abstract, and he supplies them in additional abstract, wherein no attempt is made to reduce testimony to narrative form. Appellant's abstract contains 48 closely typewritten pages, and respondent's 67. Appellant's specifications of error number 26, and are extended throughout the entire evidence contained in the abstract, instead of being placed together following the title as required by the rule. His brief contains 15 assignments of error, all by reference to pages

and lines of the abstract. The rules of the court are intended for the guidance of litigants, and to facilitate the work of the court, and to aid litigants in pointing out and making clear the errors relied upon, without making it necessary for the court to explore and consider the whole record. The violations of the rule to which we have referred in the case at bar are so flagrant that to overlook them would be to wholly abrogate the rule mentioned. Indeed, it would be far easier and more satisfactory to do so than to examine the abstract of the appellant, and compare it with that of the respondent and determine where the omitted portions should have been inserted, if at all. The work of this court is too burdensome to admit of taking the time made necessary by the procedure adopted in this case, and to overlook this failure to comply with the rules would furnish a precedent which would result in a great amount of unnecessary labor for the court, which could not fail to seriously retard its work, to the great detriment of litigants and the public.

Appellant's abstract and brief are made in no manner to conform to the requirements of rule 19 (10 N. W. 52, 91 N. W. 11). The requirements of this rule should be obeyed, but for violations of these alone we should not at this time decline to consider the abstract.

After due deliberation, we have decided to disregard everything except the judgment roll. Bertleson v. Ehr, 17 N. D. 338, 116 N. W. 335.

That discloses no reversible error, and we therefore affirm the judgment of the district court. All concur.